PETTIGREW, J.
|aIn this case, defendants appeal the trial court’s judgment in favor of plaintiffs in a personal injury case. Defendants assert that plaintiffs’ claim for damages has prescribed, that the trial court’s judgment should be reversed, and that plaintiffs’ suit should be dismissed.
FACTS AND PROCEDURAL HISTORY
On April 20, 1999, plaintiffs’ minor children, Felicia Marie Anthony (“Felicia”) and Fallon Schilling (“Fallon”), were passengers on a school bus traveling on Highway 90 in Tangipahoa Parish and were injured when the school bus was rear ended by a pickup truck being operated by Aron A. Jenevein and insured by Allstate Insurance Company (“Allstate”). According to the record, plaintiffs’ attorney settled Fallon’s claim with Allstate for $1,300.00 prior to suit being filed. However, with regard to Felicia’s claim, Allstate’s proposed settlement of $6,600.00 was unacceptable to plaintiffs, prompting plaintiffs to file the instant suit for damages on April 24, 2000. Defendants, Aron A. Jene-vein, Allstate Insurance Company, and Wayne Minor, Senior Staff Claims Representative for Allstate, subsequently filed an exception raising the objection of prescription, along with other exceptions.[1]
On August 27, 2001, the trial court heard testimony and argument on the prescription issue and took the matter under advisement. In reasons for judgment issued on October 19, 2001, the trial court found that the instant suit had been filed one year and four days after the accident in question and that there was no evidence to support a finding that the parties had entered into any binding compromise or settlement agreement. The court concluded that “the Exception of Prescription [was] well founded and should be granted.” The court subsequently rendered judgment on *21 November 7, la2001, maintaining defendants’ exception raising the objection of prescription and dismissing, with prejudice, plaintiffs’ claim.
Plaintiffs filed a motion for new trial, which was ultimately set for hearing on April 1, 2002. After considering the argument of counsel and taking the matter under advisement, the trial court issued reasons for judgment on April 10, 2002, and a judgment on May 7, 2003, overruling defendants’ exception raising the objection of prescription. The court explained that although there had been no compromise between the parties as to the amount of damages that should be attributed to Felicia, there was an offer and acceptance on behalf of Fallon that constituted an acknowledgment of defendants’ liability for the accident. Thus, the court concluded, plaintiffs’ motion for new trial should be granted and the exception raising the objection of prescription overruled.
Thereafter, the matter proceeded to a bench trial on June 15, 2004, at which time defendants’ counsel again urged the court to consider the exception raising the objection of prescription. The court overruled the exception, finding that plaintiffs’ petition was timely. After hearing evidence on the merits of plaintiffs’ claim, the court found in favor of plaintiffs, awarding $2,800.00 in medical expenses and $10,000.00 in general damages for the injuries suffered by Felicia. The court issued a judgment on July 6, 2004, in accordance with its findings.
It is from this judgment that defendants have appealed. The sole issue for our review is whether the settlement of Fal-lon’s claim by defendants constituted an acknowledgment of defendants’ liability for the accident so as to interrupt prescription of plaintiffs’ claim regarding the damages suffered by Felicia.
DISCUSSION
Generally, the party pleading prescription bears the burden of proving the claim has prescribed. However, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Pierce v. Foster Wheeler Constructors, Inc., 2004-0333, p. 3 (La.App. 1 Cir. 2/16/05), 906 So.2d 605, 607-608, writ denied, 2005-0567 (La.4/29/05), 901 So.2d 1071.
| Jn the instant case, the accident occurred on April 20, 1999. However, plaintiffs did not file suit until April 24, 2000, four days after the expiration of the one year prescriptive period. Thus, on its face, plaintiffs’ petition was prescribed and the burden shifted to plaintiffs to prove an interruption or suspension of prescription. Following the original hearing on the prescription issue, the trial court found that plaintiffs had failed to satisfy this burden of proof. The court noted as follows:
Plaintiffs defense to this exception is that the parties [affected] a compromise and settlement of the issue prior to the accrual of prescription. The Court finds a number of settlement communications took place between plaintiffs counsel and the adjuster for the defendant insurer, however the evidence simply does not support a finding that the parties entered into any binding compromise or settlement agreement.
Based on our review of the record herein, we agree with the trial court’s finding that the parties had not entered into a valid settlement agreement prior to the tolling of prescription. Even plaintiffs, on appeal, do not dispute the court’s finding that there was no compromise or agreement between the parties with regard to the damages suffered by Felicia. Thus, we turn our focus to whether there was an *22 acknowledgment, tacit or otherwise, of defendants’ liability thereby interrupting prescription.
After hearing arguments from the parties on the motion for new trial, the court concluded that the defendants’ settlement of Fallon’s claim constituted an acknowl-edgement of defendants’ liability with regard to Felicia’s claim. In overruling the defendants’ exception raising the objection of prescription, the court offered the following reasons for judgment:
Sometimes prior to March 1, 2000, the defendant made an offer to settle all claims made on behalf of both minor children. By letter dated March 1, 2000, Lance L. Engolia accepted the settlement offer on behalf of the minor, Fallon Schilling. Clearly, this offer and acceptance constituted an acknowledgment of the liability of the defendant for the accident. It is immaterial that the parties were not in agreement as to the amount of damages that should be attributed to Felicia Marie Anthony. The acknowledgment' served as an interruption of the tolling of prescription. Once the interruption occurred the one year period for prescription began anew. Consequently, if the subsequent suit was filed prior to March 1, 2001, it would be timely. The original petition was filed on April 24, 2000, and would have therefore been timely.
Having thoroughly reviewed the record before us and the applicable law, we find error in the trial court’s ruling on this issue and conclude that plaintiffs’ claim is prescribed.
15As set forth in La. Civ.Code art. 3464 (former La. Civ.Code art. 3520),[2] “[pjrescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” An acknowledgment is-“the recognition of the creditor’s right or obligation that halts the progress of prescription before it has run its course.” Lima v. Schmidt, 595 So.2d 624, 631 (La.1992). It involves an admission of liability, either through actions of the debtor that constitute a tacit acknowledgement, or through explicit recognition of a debt owed. An acknowledgment may be oral, in writing, formal, informal, • express or tacit. Gary v. Camden Fire Ins. Co., 96-0055, pp. 4-5 (La.7/2/96), 676 So.2d 553, 556. A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes .an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. Lima, 595 So.2d at 634.
Defendants cite Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), as authority for the contention that defendants’ settlement of Fallon’s claim did not constitute an acknowledgment of Felicia’s claim. In Flowers, the wife was injured in an automobile accident in 1976. The defendant-insurer tacitly acknowledged the obligation to pay the wife’s medical expenses by partial payment to the husband, then head and master of the community. Discussing the provisions of Article 3520, the court concluded that although the- partial payment to the husband for medical expenses borne by the community served .to interrupt prescription running against his claims, such payment did not interrupt prescription running against the wife’s action to recover for her personal injuries. The court noted as follows:
*23 The interruption of prescription has no effect beyond the specific right of the person of which the debtor makes acknowledgment. Hence, the insurer’s acknowledgment of Mr. Flowers’ right, as head of the community, to recover for medical expenses, did not acknowledge or interrupt prescription of Mrs. Flowers’ separate right to damages for her personal injuries.
ItiAs applied to liberative prescription, Article 3520, in effect, provides that prescription is legally interrupted when the debtor makes acknowledgment of the right of the person against whose claim he prescribed. Legal interruption does not regularly transfer from one obligation or action to another. Moreover, legal prescription is personal, and generally benefits only the person with whom it originates or whose right has been acknowledged.
Mrs. Flowers’ right to damages for her personal injuries was distinct from her husband’s right to recover medical expenses for the community. A wife’s action for damages resulting from offenses and quasi-offenses are her separate property and are recoverable by her alone. On the other hand, claims for medical expenses for either spouse belong to the community and are recoverable by the husband as its head. Accordingly, the claims adjuster’s acknowledgment of Mr. Flowers’ right to reimbursement for medical expenses did not interrupt prescription of his wife’s separate right to damages for her personal injuries.
Flowers, 381 So.2d at 382-383 (citations and footnote omitted).
The analogy between Flowers and the instant case is clear. According to the record, defendants settled Fallon’s claim for $1,300.00. However, in a letter dated March 1, 2000, to Wayne Minor, plaintiffs’ attorney specifically rejected the settlement offer for Felicia, indicating as follows: “[Unfortunately], as ... regards to Felicia Anthony, again I will re-submit a settlement of 8,500.00. If you can not reevaluate your proposed settlement of $6,600.00, it will be in the best interest of my client to file suit.” After the March 1, 2000 letter, there was apparently no other communication between the parties concerning Felicia’s claim or the proposed settlement. Plaintiffs subsequently filed suit on April 24, 2000, one year and four days after the accident in question.
As previously indicated, the only action taken by Allstate with regard to Felicia’s claim was a settlement offer, which was rejected by Felicia’s attorney. While it is clear that there were ongoing negotiations between the parties, this mere offer of settlement does not constitute an acknowledgment of defendants* liability for the damages suffered by Felicia. Lima, 595 So.2d at 634. “Moreover, legal prescription is personal, and generally benefits only the person with whom it originates or whose right has been acknowledged.” Flowers, 381 So.2d at 383. Defendants’ acknowledgment of Fallon’s claim did not operate to interrupt prescription as to Felicia’s claim, and, thus, said claim was untimely. Accordingly, the trial court erred in overruling defendants’ exception 17raising the objection of prescription and in allowing the matter to proceed to trial on the merits.
CONCLUSION
For the above and foregoing reasons, we reverse the May 7, 2003 judgment that overruled the exception raising the objection of prescription; we vacate the July 6, 2004 judgment on the merits; and we dismiss, with prejudice, plaintiffs’ claim as it relates to Felicia Marie Anthony. We as *24 sess all costs associated with this appeal against plaintiffs.
MAY 7, 2003 JUDGMENT REVERSED; JULY 6, 2004 JUDGMENT VACATED; PLAINTIFFS’ SUIT DISMISSED WITH PREJUDICE.

. Defendants also filed an exception of vagueness, an exception of no right of action, an exception of no cause of action, and a motion to dismiss for failure to request service within 90 days. Following a hearing on June 11, 2001, the objections of vagueness, no right of action, and no cause of action were maintained, and Allstate was dismissed as a party defendant in its alleged capacity as an uninsured motorist insurer. The exception raising the objection of prescription and the motion to dismiss for failure to request service were set for hearing on August 27, 2001.

. Official comment (a) to Article 3464 indicates that this article reproduces the substance of former Article 3520 and does not change the law.