959 So.2d 982 (2007)
George WAGUESPACK
v.
RICHARD WAGUESPACK, INC. and Everest Indemnity Insurance Company.
No. 2006 CA 0711.
Court of Appeal of Louisiana, First Circuit.
February 14, 2007.
Aub Ward, Baton Rouge, Counsel for Plaintiff/Appellant George Waguespack.
David C. Kimmel, Baton Rouge, Counsel for Defendant/Appellee Richard Waguespack, Inc.
David I. Bordelon, Matthew Ungarino, Metairie, Counsel for Defendant/Appellee Everest Indemnity Insurance Co.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this negligence action, plaintiff, George Waguespack, appeals the trial *984 court's granting of defendant's, Everest Indemnity Insurance Company (Everest), motion for summary judgment. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
On November 18, 2003, plaintiff was using an all-terrain vehicle (ATV) to hunt on property located in Darrow, Louisiana. The property and ATV were owned by Richard Waguespack, Inc., which had given plaintiff permission to use the ATV and to hunt on its property. After hunting, plaintiff drove the ATV back to his truck in order to return the ATV to Richard Waguespack, Inc. While attempting to load the ATV onto his truck, by way of an inclined ramp, the ATV became difficult to control, veered to the left, and plaintiff was thrown from the ATV.
On May 18, 2005, plaintiff filed a petition for damages, naming Richard Waguespack, Inc. and its insurer, Everest, as defendants, and asserting negligence claims based on Richard Waguespack Inc.'s failure to warn and custody of a defective thing. See La. C.C. arts. 2315 and 2317.1. Thereafter, Everest filed a motion for summary judgment, asserting plaintiff's claim against it had prescribed, and that the insurance policy did not provide coverage based on a limitation of coverage clause. Following a hearing on Everest's motion, the trial court signed a judgment, granting the motion and dismissing plaintiff's suit against Everest with prejudice. Plaintiff now appeals from this judgment.

STANDARD OF REVIEW
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Boland v. West Feliciana Parish Police Jury, 03-1297, p. 4 (La.App. 1st Cir.6/25/04), 878 So.2d 808, 812, writ denied, 04-2286 (La.11/24/04), 888 So.2d 231. Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be properly resolved within the framework of a motion for summary judgment. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2956, p. 3 (La.App. 1st Cir.12/30/02), 836 So.2d 484, 486. Additionally, the issue of prescription may be raised by a motion for summary judgment. Parish National Bank v. Wilks, 04-1439, p. 6 (La.App. 1st Cir.8/3/05), 923 So.2d 8, 12.

DISCUSSION
The trial court, in its reasons for judgment, indicated that it was granting Everest's motion for summary judgment on the basis of prescription, finding plaintiff did not present any evidence that Everest knew of the accident prior to the filing of the suit or that Everest made any express, tacit, or implied acknowledgement of liability so as to interrupt prescription. Plaintiff, however, asserts on appeal that the trial court erred in failing to consider: (1) Richard Waguespack, Inc. and Everest are solidary obligors; (2) Richard Waguespack, Inc. interrupted prescription when it acknowledged its delictual obligation; and (3) the interruption of prescription applied equally to Everest.
When the face of the petition reveals that the plaintiff's claim is prescribed, *985 the plaintiff has the burden of demonstrating that prescription was suspended or interrupted. In re Medical Review Panel for Claim of Moses, 00-2643, p. 6 (La.5/25/01), 788 So.2d 1173, 1177. Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464; Schilling v. Cooper, 04-2460, p. 5 (La.App. 1st Cir.12/22/05), 928 So.2d 19, 22. Further, La. C.C. arts. 1799 and 3503 provide that interruption of prescription against one solidary obligor interrupts prescription against all solidary obligors. However, when the plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. Younger v. Marshall, 618 So.2d 866, 869 (La.1993).
Louisiana Revised Statute 22:655, the Direct Action Statute, expressly states that a liability insurer and its insured are solidarily liable to the tort victim. See La. R.S. 22:655(B)(1).[1] However, the solidarity between the insured and the insurer toward the victim is only within the policy limits and coverages of the insurance contract. Sumrall v. Bickham, 03-1252, pp. 9-10 (La.App. 1st Cir.9/8/04), 887 So.2d 73, 79, writ denied, 04-2506 (La.1/7/05), 891 So.2d 696; see also Anderson v. Ichinose, 98-2157, p. 9 (La.9/8/99), 760 So.2d 302, 307.
Richard Waguespack, Inc.'s insurance policy with Everest, which is a commercial general liability policy,[2] specifically limits coverage to "[c]onstruction debris landfill operations" and provides that "[t]his insurance does not apply to `bodily injury', `property damage' . . . or other injury or damage that does not arise out of your operations described in the above Schedule and performed by you or on your behalf." Furthermore, reading the insurance contract as a whole, and following the legal axioms governing interpretation of insurance contracts as outlined by the Louisiana Supreme Court in Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, judgment amended, 95-0809 (La.4/18/96), 671 So.2d 915,[3] we find the policy clearly limits coverage to construction debris landfill operations. In plaintiff's petition and the affidavits submitted in conjunction with the motion for summary judgment, plaintiff *986 acknowledged that the accident at issue occurred while using the ATV to hunt on Richard Waguespack, Inc.'s property. This purely recreational activity cannot logically be construed so as to come within the construction debris landfill operation coverage limitation. Therefore, because this activity does not come within the coverage of the insurance contract, plaintiff has failed to show that Everest was a solidary obligor as to his claim.[4] Accordingly, plaintiff's claim against Everest is prescribed, and the trial court was correct to grant summary judgment in favor of Everest.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court, granting summary judgment in favor of Everest. All costs of this appeal are to be assessed against plaintiff, George Waguespack.
AFFIRMED.
NOTES
[1] La. R.S. 22:655(B)(1) provides, in part, "[t]he injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy . . . and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido."
[2] The policy also contains pollution liability and professional liability coverage, but those portions of the policy are not at issue in the instant case.
[3] In Ledbetter, 95-0809 at pp. 3-4, 665 So.2d at 1169, the supreme court set forth the following legal axioms concerning the interpretation of insurance policies:

An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. The parties' intent, as reflected by the words of the policy, determine the extent of coverage. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written.
Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. However, the rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. (Citations omitted.)
[4] Based on our determination above, we pretermit discussion of whether an acknowledgement of liability by an insured can interrupt prescription as to the insurer.