ALTON TODD
v.
COX COMMUNICATIONS CENTRAL II, INC.
No. 2007 CA 0737.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
CLARENCE T. NAILS, JR., Counsel for Plaintiff/Appellant, Alton Todd.
KATHRYN C. GOODSON, TODD S. MANUEL, Counsel for Defendant/Appellee, Cox Communications Central II, Inc.
Before PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Alton Todd appeals a judgment dismissing his petition that he filed against Cox Communications Central II, Inc. (Cox) for defamation. After Cox had terminated his employment, Todd filed suit against Cox, alleging that a Cox employee had accused him of stealing. In his petition, he claimed that statements about his alleged thievery made to law enforcement officers were actionable, because ultimately, he was not prosecuted for any illegal act. He also alleged that statements surrounding his termination were made to the Office of Employment Security. Todd claims these statements were also actionable because he was eventually found to be eligible for his unemployment compensation.
Cox filed a motion for summary judgment, alleging that Todd could not meet his burden of proof on the defamation claim based on its employee's statements to the Office of Employment Security accusing him of theft, because the communication was protected by a qualified privilege. Cox also alleged that the allegation that its employee made a defamatory statement to police personnel was subject to a one-year prescriptive period, and it had been over one year prior to filing suit that the alleged statement was made.
The trial court granted the motion and dismissed Todd's suit in its entirety; judgment was signed accordingly. Todd appealed the judgment, alleging that the trial court erred in granting Cox's motion for summary judgment on the issue of defamation. Todd also alleged that the trial court erred when granting Cox's motion without his having the assistance of legal counsel at the hearing. For the following reasons, we affirm the trial court judgment.
In order to establish a defamation claim, a plaintiff must prove four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) resulting injury. Costello v. Hardy, 03-1146, p. 12 (La. 1/21/04), 864 So.2d 129, 139. The fault aspect of a defamation claim is often characterized as malice. Id.
On appeal, summary judgments are reviewed de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 202. After a thorough review, we conclude that the trial court did not err in granting defendant's motion for summary judgment and dismissing plaintiffs suit.
The facts are summarized as follows:
Cox's motion for summary judgment, filed March 17, 2006, was in response to Todd's claim for damages filed on June 4, 2004, based on defamation. Todd's petition alleged that on June 11, 2003, he was terminated as a cable installer as the result of defamatory statements made by a Cox representative to law enforcement personnel and also to the Office of Employment Security. The petition does not state the date the statements were allegedly made.
Kevin D. Coates, whose affidavit was in the record, is a Cox investigator for the Cox service areas west of the Mississippi River. His job is to locate unauthorized cable connections and to determine the factual circumstances surrounding such connections. He then alerts applicable law enforcement authorities if he suspects a Cox employee to be involved.
On March 21, 2003, Coates investigated a possible unauthorized connection that was reported in the Port Allen area. When he went to the location, he saw that the connection was marked with a white tag. This tag designates that the connection is active and also shows that a Cox employee made the connection. Coates notified the Port Allen police, as is his practice when a Cox employee is thought to be involved in an unauthorized connection. Officer L. Terrell Joseph of the Port Allen police arrived to assist in the investigation. Officer Joseph and Coates spoke with area residents and investigated the residential connections. They identified the residence with the unauthorized connection location. When questioned, the resident at the dwelling explained that he had paid a Cox employee named "Alton" to connect his cable.
On April 15, 2003, another area supervisor called Coates about another possible unauthorized connection in the area. Coates again notified the police department. Officer Joseph came to assist Coates with the investigation. They questioned individuals in the neighborhood. A person claiming to be a friend of the resident with the unauthorized connection told Coates and Officer Joseph that a Cox employee named "Alton" had activated the connection. Cox personnel identified Alton Todd as its only cable technician employee in the area.
On May 16, 2003, Coates, along with Officer Joseph, returned to the Port Allen home of the first resident with the unauthorized connection, and presented him with a photo array containing male Cox technicians of various races, including one photograph of Todd. The resident identified Todd out of the photo lineup as the Cox employee he paid to connect the cable. This was the last contact Coates had with the police department or with Officer Joseph.
On June 11, 2003, Todd was terminated from his employment. At some point after June 11, 2003, Coates testified on behalf of Cox before the Office of Employment Security. At the hearing, Coates detailed the facts surrounding Todd's dismissal from Cox and the result of his investigation of the unauthorized connections in the Port Allen area.
On March 17, 2006, Coates signed an affidavit, which was submitted with Cox's motion for summary judgment, stating that he had testified against Todd at the unemployment compensation hearing and, had reported the facts to a Port Allen police officer who was present when the witness identified Todd as the cable technician who performed the unauthorized connection.
On October 16, 2006, the trial court said that the statements complained about "were actually made by the residents who gave the police Mr. Todd's name and not by Mr. Coates." The trial court also stated that "the residents and not Mr. Coates were the individuals who identified him from the photo lineup."

PRESCRIPTION
The motion for summary judgment also included contentions that the statements were prescribed by operation of law. The trial court, recognizing the prescription claim, said that, "assuming for the sake of this motion for summary judgment it was Mr. Coates, the last action that could be deemed defamatory is May 16, 2003. This suit was not filed until June 4, 2004. It's more than one year. Therefore, any defamation with regard to the police would be prescribed."
The prescription issue may be raised on a motion for summary judgment. Waguespack v. Richard Waguespack, Inc., 06-0711. p. 3 (La.App. 1 Cir. 12/14/07), 959 So.2d 982, 984. The motion should be granted if the pleadings, deposition, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to material fact. LSA-C.C.P. art. 966(B).
Here, the uncontradicted evidence shows that the Cox employee's last communication with any law enforcement agency personnel was more than one year from the date the suit was filed.
Furthermore, even if the statements made to the Port Allen police had not prescribed, discussions with law enforcement enjoy a conditional or qualified privilege unless they are made in bad faith or with malice or a reckless disregard for the truth. See Kennedy v. Sheriff of East Baton Rouge, 05-1418, p. 19-20 (La. 7/10/06), 935 So.2d 669, 683. In Kennedy, the court reiterated the longstanding practice of recognizing that the public has an interest in bringing possible criminal activity to the attention of the proper authorities, and, on that basis, extending a qualified privilege to such reports made in good faith. The Kennedy court explained that only false statements made with a high degree of awareness of their probable falsity would meet the reckless disregard standard. Id., 935 So.2d at 688. Under this high standard, even proof of gross negligence in the publication of a false statement is insufficient to prove reckless disregard. Id. Consequently, to meet this high burden in this case, Todd must establish that Coates' statements were made with a high degree of awareness that they were false.
Louisiana Code of Civil Procedure article 966(C)(2) provides that the burden of proof remains with the movant, but if the issue is one on which the adverse party would have the burden of proof at trial, the burden does not require him to negate all essential elements of the adverse party's claim. Rather, the movant must point out the absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. 935 So.2d at 686. Here, Todd presented no proof to show bad faith, malice, or disregard for the truth in the Cox employee's statements made to a law enforcement agency. Thus, Todd has failed to put forth factual support sufficient to establish that he can meet his burden of proof at trial.
Regarding the statements made to the Office of Employment Security, the trial court said that, even assuming for the sake of argument that those statements were not prescribed, those statements would have been subject to a qualified privilege, because this was an investigation of possible criminal activity. The court said that statements made to the Office of Employment Security during the hearing on Todd's claim for unemployment benefits and any statements made regarding the ongoing investigation are clearly entitled to a qualified privilege. The court said that the record was "void of any evidence to show the testimony was not made in good faith." Therefore, the court concluded plaintiff had not met his burden of proof with regard to a claim for defamation.
We agree. Jurisprudence establishes that communications between an employer and the Office of Employment Security generally enjoy a qualified privilege. Wright v. Bennett, 04-1944, p. 16 (La.App. 1 Cir. 9/28/05), 924 So.2d 178, 188. As discussed above, Todd has presented no evidence to show that Coates' statements at the unemployment office were made with malice or a reckless disregard for the truth. We, therefore, conclude that the trial court did not err in granting Cox's motion for summary judgment. Accordingly, this assignment of error is without merit.

UNTIMELY FILED BRIEF
Todd also alleges that the trial court improperly refused to consider his opposition memorandum, since it was only one day late.
The Louisiana Rules for District Courts, Rule 9.9 (d) provides that parties who fail to comply with the requirement that briefs in opposition to a motion be timely submitted may forfeit their privilege of oral argument, because oral argument is a privilege and not a right and within the court's discretion. At the hearing, Cox's attorney objected to the introduction of a memorandum that was filed with the court late. The attorney also objected on the grounds that the opposition brief did not comply with LSA-C.C.P. arts. 966 and 967, as the exhibits attached were unverified documents, including portions of a police report, an unsworn statement in the form of an affidavit, and a copy of an administrative hearing opinion.
The trial court said that it appeared that the opposition brief was already late when filed on October 9, 2006, but its office had not received it until the morning of the hearing on October 17, 2006. It commented that it did not know if the memorandum had arrived by hand or by fax machine. The trial court ruled that the memorandum and attachments could not come into evidence, because this motion for summary judgment had been filed on March 17, 2006, and was originally set for hearing on July 6th but was continued until October 16, 2006. The court commented that plaintiffs attorney had plenty of time to file his opposition.
Our review of the record reflects that Todd's attorney was not present at the hearing. Thus, he could not ask permission to orally argue even though it is in the court's discretion to allow it. We cannot conclude the trial court abused its discretion. This assignment of error is without merit.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Alton Todd. This memorandum opinion is issued in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1B.
AFFIRMED