8 So.3d 22 (2009)
Harry J. BROCK, III and Amy L. Brock, individually and on behalf of their minor daughter, Cassie Brock
v.
Victor J. CARONNA.
No. 08-CA-370.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 2009.
*24 Craig P. Hart, Tammy L. Karas, Covington, LA, for Defendant/Third-Party Plaintiff/Appellant, Victor J. Caronna.
Kathleen E. Simon, Porteous, Hainkel & Johnson, Covington, LA, for Third-Party Defendant/Appellee, Farmers Insurance Exchange.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
This is a personal injury suit by the parents of a teenage girl for damages arising from the rape of their daughter. The defendant filed a third-party demand against his homeowners' insurer for indemnification under its policy. The trial court granted a summary judgment dismissing the third party demand and the defendant/third-party plaintiff appeals. We affirm.

STATEMENT OF THE CASE
Harry J. Brock, III and Amy L. Brock ("the Brocks") filed suit against Victor J. Caronna ("Caronna"), individually and on behalf of their minor daughter ("Plaintiff"). The Brocks alleged that Caronna had been their daughter's dog-training advisor and mentor; that on March 14, 2005 he came to the Brock family home in St. Charles Parish while their sixteen-year-old daughter was there alone, and he forcibly raped their minor daughter in her bedroom. They asserted claims pursuant to La.C.C. art. 2315, 2315.7, and 2316 for intentional and negligent infliction of emotional and mental anguish, unauthorized touching of the minor, sexual harassment, and forcible rape. They sought compensatory and punitive damages for mental anguish, emotional distress, embarrassment, medical expenses, pain and suffering, loss of consortium, and any other damages to be proven at trial.
Caronna answered, admitting he is of the age of majority but denying the other allegations of the petition. He filed a third party demand against his homeowners insurer, Farmers Insurance Exchange ("Farmers"), in which he alleged that Farmers is obligated to indemnify him against any liabilities he may have to any third parties, including payment and satisfaction of any and all liabilities to third parties arising out of the claims made in this lawsuit.
Farmers denied the allegations of the third party demand and pleaded the terms and conditions of its policy. Farmers raised specific affirmative defenses and policy exclusions in denial of coverage and denial of a duty to defend. Farmers asserted that at the time of the sexual assault at issue, Caronna was insured under a Special Form Homeowners  Preferred policy issued by Farmers, which did not afford coverage for the incident made the basis of this lawsuit. Farmers asserted it had specifically denied both coverage and a defense to Caronna, under the policy exclusions for bodily injury or property damage that is expected or intended by the insured, or arising out of sexual molestation, corporal punishment, or physical or mental abuse.
Farmers filed a Motion for Summary Judgment, seeking to have the third-party demand against it dismissed on the basis that the claims are specifically excluded from coverage under its policy. In support of the motion Farmers submitted a statement of material facts of which there is no genuine issue to be tried, which listed the following matters among others[1]:

*25 1. Caronna is a person of full age of majority residing in St. Tammany Parish, Louisiana;
2. According to the petition for damages, on March 14, 2005, Caronna came to the Brocks' home when their minor daughter was home alone;
3. Caronna proceeded to forcibly rape the minor child in the bedroom of her residence through vaginal intercourse;
4. Farmers is not a named defendant in the petition for damages;
5. Caronna is the sole named defendant;
6. At all times herein, Caronna had a Special Form Homeowners-Preferred policy issued by Farmers on which Caronna is listed as the named insured;
7. The policy is the best evidence of its contents, including the terms, provisions, conditions, applications, exclusions, and limitations of liability and coverage contained therein;
8. The Farmers policy provides no coverage for "bodily injury" which is expected or intended by the "insured" or "arising out of sexual molestation, corporal punishment or physical or mental abuse."
9. Caronna can provide no evidence that the Farmers policy provides coverage for any damages arising out of the events of March 14, 2005;
10. Caronna can provide no evidence that the Farmers policy owes any duty to defend him under the policy for the litigation arising out of the events of March 14, 2005 in St. Charles Parish, Louisiana.
In opposition Caronna argued that although intentional acts may not be covered under the policy, the plaintiffs also allege negligence. In addition, he asserted, the acts alleged in the petition have yet to be proven and, in the absence of proof of the occurrence of the acts, it is premature to speculate as to the intent or state of mind of the defendant at the time of the alleged act. Caronna asserted it is his intent to establish through discovery that the acts complained of in the petition were consensual. He asserted that under the policy, Farmers has an obligation to defend him even if the suit is groundless, false or fraudulent. He argued that he has never admitted guilt, no case has been proven against him, the facts alleged have not been proven, and he rigorously denies them.
Caronna filed a Statement of Disputed Material Facts that set forth the following: (1) The acts complained of in the petition are disputed by the defendant; (2) The policy of insurance issued to defendant by Farmers provides coverage for the acts complained of in the petition; (3) Farmers owes a duty to defend and indemnify Caronna for the plaintiffs' claims; and (4) Caronna can provide evidence that the Farmers policy provides both coverage and a duty to defend related to the assertions in the petition for damages.
Caronna attached an affidavit, in which he stated he had entered a plea of no contest in connection with the charges arising from the alleged incident involving the Brocks' minor daughter that allegedly occurred on March 14, 2005. He denied the facts stated in the petition for damages and in Farmers' statement of facts filed in conjunction with the motion for summary judgment.
At the hearing on the motion for summary judgment, the court gave the following oral reasons for granting the motion: "It's clear from the language of the policy that coverage is excluded. And plaintiffs counsel was astute in not even filing that. *26 Regardless of what they alleged in their petition, be it intentional or not, it's still a sex crime. They're still excluded. To defend such is excluded."
In the written judgment, the court found there is no genuine issue as to any material fact as to Farmer's motion for summary judgment that there is no coverage under the policy of insurance issued by Farmers to Caronna for his actions as set out in the original Petition for Damages and as alleged in his Third Party Demand and that no duty to defend Caronna exists under the Farmers policy at issue.
Caronna appeals.

LAW AND ANALYSIS
Whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be properly resolved within the framework of a motion for summary judgment. Waguespack v. Richard Waguespack, Inc., 06-0711, p. 3 (La.App. 1 Cir. 2/14/07), 959 So.2d 982.
Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. The movant bears the burden of proof. If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. Thereafter, if plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. [Citations omitted.]
Champagne v. Ward, XXXX-XXXX, pp. 4-5 (La.1/19/05), 893 So.2d 773, 776.
A genuine issue is a triable issue, an issue on which reasonable persons could disagree. Champagne, XXXX-XXXX at p. 5, 893 So.2d at 777. Further, a material fact is one whose existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Id.
"Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is `material' for summary judgment purposes can be seen only in light of the substantive law applicable to the case." Richard v. Hall, XXXX-XXXX, p. 5 (La.4/23/04), 874 So.2d 131, 137.
In Ledbetter v. Concord General Corp., 95-0809, pp. 3-4 (La.1/6/96), 665 So.2d 1166, 1169, judgment amended, 95-0809 (La.4/18/96), 671 So.2d 915, the supreme court set forth the following legal axioms concerning the interpretation of insurance policies:
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. The parties' intent, as reflected by the words of the policy, determine the extent of coverage. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. If the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written.
Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. However, the rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. [Citations omitted.]
*27 The policy in this case defines "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." It defines "occurrence" as "an accident . . . which results, during the policy period, in: a. `Bodily injury'. . .; or b. `Property damage.'"
In Section II  Liability Coverages, Coverage E  Personal Liability, the policy states,
If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" . . . caused by an "occurrence" to which this coverage applies, we will:
1. Pay up to our limit of liability for the damages for which the "insured" is legally liable . . .; and
2. Provide a defense at our expense. . ., even if the suit is groundless, false or fraudulent. . . .
In Section II  Exclusions the policy provides,
1. Coverage E  Personal Liability and Coverage F  Medical Payments to Others do not apply to "bodily injury" or "property damage":
a. Which is expected or intended by the "insured";
* * *
k. Arising out of sexual molestation, corporal punishment or physical or mental abuse. . . .

Assignment of Error No. 1
Caronna first asserts the trial court erred by "relying on mere allegations of rape in the absence of any evidence in the record regarding same." Caronna contends that whether the act was a rape is a disputed material fact and, hence, it is not a basis for summary judgment.
Farmers responds that Caronna presented only an affidavit denying all allegations of the petition, and advising that he had entered a plea of no contest "in connection with the charges arising from the alleged incident involving Cassie Brock." Caronna provided no other documents or evidence in opposition to the motion for summary judgment.
Caronna does not dispute that an act of sexual intercourse took place between Caronna and Plaintiff. He does not deny that Plaintiff was a minor at the time of the incident, and he admitted in his answer that he is a person of the age of majority. Under Louisiana law, his having sexual intercourse with Plaintiff even with her consent could be considered molestation of a juvenile at a minimum,[2] or indecent behavior with a juvenile,[3] or felony carnal knowledge of a juvenile.[4] The allegations of the petition place the act within the more serious categories of sexual battery[5] and rape.[6]
As such, whether the behavior was an intentional act and/or sexual molestation is not a genuine issue of material fact for purposes of the coverage issue. We find no merit to this assignment.

Assignment of Error No. 2
Caronna next argues that the trial court erred by "relying on the existence of a nolo contendere plea." He asserts the trial court erred in relying on his nolo contendere plea, because his affidavit simply states, "[I]n connection with the charges *28 arising from the alleged incident involving Cassie Brock that allegedly occurred on or about March 14, 2005, I entered a plea of No Contest." He points out he did not state the charge to which he entered the plea, and he did not plead so to rape.
Caronna asserts further that evidence of a nolo contendere plea is not admissible in a civil matter and, therefore, the plea should not have been made an issue on the record. He argues that even if the plea were admissible, it would not necessarily be conclusive of guilt because a trial on the merits would be needed to evaluate the evidence and determine how much weight to afford the plea.
We find no merit to this assignment. Neither the written judgment nor the oral reasons for judgment make any reference to Caronna's plea or to any criminal proceedings. There is nothing to indicate the plea had any part in the court's determination. Further, Caronna himself brought up the plea by mentioning it in his affidavit.
Finally, even if the trial court did consider the plea and even if such consideration was error, "[r]egardless of the trier of fact's reasons, if a judgment is correct, it should be affirmed." Bergeron v. Watkins, 98-0717, p. 5 (La.App. 1 Cir. 3/2/99), 731 So.2d 399, 402.

Assignment of Error No. 3
In his third assignment of error, Caronna argues the trial court erred by applying the intentional injury exclusion in the absence of any evidence in the record regarding Plaintiffs injuries. He asserts that without evidence in the record regarding Plaintiff's injuries, no determination can properly be made as to what injuries are excluded from coverage by the intentional injury exclusion.
The policy language does not require that the act be intended or expected, but rather than the injuries and medical expenses be intended. He argues one could intend a particular act and still have coverage if he or she did not intend the damages caused by the action.
Child molestation is a rare instance in which a factual determination of negligence or intentional conduct is inappropriate as a practical matter. It cannot result from careless conduct and only occurs as a result of a deliberate act by the perpetrator. Molestation of a child is a deliberate act, and, therefore, is an intentional act. Because the relator's policy excludes coverage for bodily injury intended or expected by the insured, there is no coverage under the policy. [Citations omitted.]
Wallace v. Cappel, 592 So.2d 418 (La.App. 1 Cir.1991), writ denied 593 So.2d 651 (La.1992).
Regardless of any claims referring to negligence, under the facts set forth in the petition all damages arise from Caronna's act of sexual intercourse with the minor Plaintiff. That act by its very nature was intentional.
"Louisiana jurisprudence recognizes as a matter of law that the act of child molestation is of itself a deliberate and intentional act." Belsom v. Bravo, 94-876, p. 4 (La. App. 5 Cir. 4/25/95), 658 So.2d 1304, 1306, writ denied, 95-1327 (La.9/1/95), 659 So.2d 737.
Accordingly, the intentional act exclusion applies to preclude coverage. We find no merit to this assignment.

Assignment of Error No. 4
Caronna's fourth assignment is that the trial court erred by applying the sexual molestation, corporal punishment or physical or mental abuse exclusion in the absence of any evidence regarding same in the record.
*29 The coverage defense is raised based on allegations in the petition: A court must examine the well-pleaded allegations of the plaintiffs petition to determine whether the plaintiff's allegations unambiguously exclude coverage. Suire v. Lafayette City-Parish Consolidated Government, 04-1459, p. 18 (La.4/12/05), 907 So.2d 37, 52.
The insurance policy in this case states that if a claim is made or a suit is brought against an insured for damages because of bodily injury caused by an occurrence to which this coverage applies, Farmers will pay for the damages for which the insured in legally liable, and provide a defense even if the suit is groundless, false or fraudulent. The key to coverage, however, is that there must be an "occurrence" to which the coverage applies. By its nature, an act of sexual intercourse by an adult with a minor to whom he is not married is an occurrence excluded from coverage.
There is no merit to this assignment.

Assignment of Error No. 5
In his fifth and final assignment, Caronna contends the trial court erred by granting summary judgment with respect to the plaintiffs' injuries grounded in negligence in the absence of any evidence regarding same in the record and in the absence of any policy language excluding negligence. He argues the trial court erred in granting summary judgment because the petition includes a number of claims based on negligence, so even if the intentional injury exclusion was properly found to apply, the policy language does not exclude injury resulting from negligence.
The nature of the occurrencesexual intercourse by an adult with a minor is the basis for the determination of coverage or lack of coverage. That determination applies regardless of whether injuries arose from negligence or intention. As stated in our discussion of Assignment of Error Nos. 3 and 4, above, the claims made in the petition are excluded because they arise from an "occurrence" to which the policy's coverage does not apply. Accordingly, there is no merit to this assignment.
No reasonable insured could expect there to be coverage under a liability insurance policy for such a despicable act as rape, sexual battery, or "date rape." Louisiana Civil Code article 2323(C) embodies the public policy of this state that an intentional tortfeasor cannot invoke the contributory negligence of his victim as a defense to a claim for damages.
Doe v. Breedlove, XXXX-XXXX, p. 16 (La. App. 1 Cir. 2/11/05), 906 So.2d 565, 575.
For the foregoing reasons, we affirm the judgment. Costs of this appeal are assessed against the appellant, Victor J. Caronna.
AFFIRMED.
GUIDRY, J., concurs with reasons.
GUIDRY, Judge, concurs with reasons.
I concur in the result reached by the majority in this case. The insurance coverage and defense issues raised herein are being considered pretrial, on the allegations of the Plaintiffs' petition. The Plaintiffs are alleging that the Defendant, an adult, forcibly raped their minor daughter causing her injuries for which he is liable. The policy in question clearly and unequivocally excludes coverage for bodily injury "[a]rising out of a sexual molestation, corporal punishment or physical or mental abuse. . . ." Therefore, the third party demand by the Defendant against his homeowner's insurer was properly dismissed by summary judgment upon finding that under *30 the allegations of the petition coverage was unambiguously excluded.
NOTES
[1] We have omitted some items that were conclusions of law rather than statements of fact.
[2] La.R.S. 14:81.2.
[3] La.R.S. 14:81.
[4] La.R.S. 14:80.
[5] La.R.S. 14:43.1.
[6] La.R.S. 14:42-14:43.