2 So.3d 1204 (2009)
Michael & Tobie MORVAN, et al., Plaintiffs-Appellants
v.
James R. MOORE & State Farm Insurance Companies, Defendants-Appellees.
No. 43,904-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 2009.
Rehearing Denied February 19, 2009.
*1205 John Milkovich, Shreveport, for Appellants.
Tutt, Stroud & McKay, L.L.C., by Charles G. Tutt, Jennifer P. McKay, Shreveport, for Appellees.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
CARAWAY, J.
After approximately three years of this pending action and a partial judgment determining that the insured driver was completely at fault for the accident, the defendant/insurer made a tender and deposit into the registry of the court of its policy limits, accrued interest, and court costs, purportedly relieving it from all obligations under the policy of insurance and entitling it to dismissal as a defendant in the action. The insurer simultaneously moved for a summary judgment for its dismissal as a defendant from the action, although it presented evidence of its acknowledgment of its continuing duty to defend the insured tortfeasor. The trial court dismissed the insurer by summary judgment and the plaintiffs appeal. We now modify the judgment to provide for the insurer's possible further obligation for future court costs, and affirm the trial court's ruling as a partial summary judgment.

Facts
During the afternoon of July 14, 2004, Michael Morvan (hereafter "Morvan"), was driving a Ford F-150 pickup truck on Bert Kouns Industrial Loop in Shreveport when he was allegedly rear-ended by James R. Moore (hereafter "Moore"). Moore also drove a heavy duty pickup truck. Morvan was treated a few hours later at the Willis Knighton South Emergency Department for complaints of constant, throbbing lumbar and cervical pain. After physician evaluation, spine x-rays and the administration of pain relief medication, Morvan was discharged to the care of his family doctor. His diagnosis was acute low back strain and acute cervical strain. The radiology report concluded "the vertebral bodies [were] normally aligned. Disc spaces appear maintained. Prevertebral soft tissues are grossly unremarkable." Morvan's medical history included prior back surgery in 2001.
Morvan, his wife Tobie, and their two children sued Moore and his liability insurer, State Farm Mutual Automobile Insurance Company (hereafter "State Farm"). The liability policy limit for the State Farm policy was $25,000. The Morvans also sued State Farm for their uninsured/underinsured coverage under their auto policy. State Farm answered the petition for damages separately as the defendant's carrier and for the UM claim.
Thereafter, Morvan settled the UM claim for the $10,000 policy limits. The joint motion and order to dismiss Morvan's claims against State Farm for the UM coverage was signed on February 16, 2006. The Morvans reserved all of their rights to proceed against State Farm as the liability insurer for claims arising out of the accident. The matter was thereafter scheduled for a jury trial in July of 2006.
Two and one-half months later, Morvan's counsel moved for partial summary judgment on the issue of Moore's liability, arguing that Moore was solely at fault for the accident. Affidavits of a third party whose vehicle was also involved in the accident, the investigating officer, and Morvan were filed in support of the motion. In spite of State Farm's opposition, *1206 the trial court granted the motion, finding Moore solely at fault for the accident by judgment signed on June 13, 2006.
Throughout 2006 and 2007, there were discovery disputes that arose concerning Morvan's medical condition and functional capacity for employment. Trial was scheduled for December 2006, but was upset by a change in defense counsel. Morvan was deposed for a second time in August 2007. From the pleadings and discovery responses, Morvan alleged that his general damages consisted of his claims for (1) past lost wages and employment benefits arising out of his employment with Kentucky Fried Chicken, totaling $60,059.60; (2) estimated impairment of future earning capacity/disruption of claimant's career/loss of future wages, totaling at least $730,382.52. His special damages totaled $9,636.91 for medical bills, an undetermined amount for "medical travel costs," and $60,000.00 plus for "past lost wages."
On October 18, 2007, the trial court signed a scheduling order resetting the jury trial for January 2008. State Farm subsequently moved for production of additional VA medical records, alleging Morvan was "currently under treatment by and at the Veterans Administration Hospital," in November of 2007. The suit did not proceed to trial on January 14, 2008. Instead, Morvan's motion for a priority trial setting was disposed of as follows:

Denied Ä¢ Conference held on 1/16/08 with both counsel. Plaintiff made aware defense counsel, Mr. Tutt, has conflicts until May Term. Told plaintiff counsel at that time he was to take his turn in May. Otherwise is injustice to those on May docket.
Biggest problem is plaintiff's counsel's insistence that 2 weeks of trial and approx 250 exhibits are necessary for his case which involves damages only.
 Jan 17, 2008
 s/District Court Judge
The next week, State Farm moved for summary judgment by depositing a copy of its policy and the following checks into the registry of the court "for the benefit of the plaintiffs" and court costs:
Ä¢ $30,305.48 representing the liability limit of the policy [$25,000.00] together with legal interest thereon from the date of judicial demand, July 1, 2005, until February 1, 2008; and
Ä¢ $7,057.28 representing all unpaid court costs.
State Farm argued, "[w]ith these deposits, STATE FARM has paid its policy limit applicable to the loss sued upon and is entitled to summary judgment dismissing it from this law suit with prejudice at its cost." Further, State Farm alleged, "JAMES R. MOORE is aware of this motion and has no opposition. STATE FARM has agreed to continue to defend MR. MOORE."
In opposition to State Farm's motion, Morvan presented evidence of two written offers to settle the case in 2005, in which Morvan's attorneys proposed to dismiss the action against State Farm and Moore for payment of the policy limits, interest and costs. Morvan argued that State Farm's failure to settle with Morvan was unreasonable, and potentially exposed its insured to an excess judgment.
After hearing brief argument, the trial court granted State Farm's motion on April 7, 2008. The judgment dismissing plaintiffs' suit was signed on April 14, 2008. The plaintiffs appeal.

Discussion
Louisiana's allowance for a direct action against an insurer is provided for under former La. R.S. 22:655,[1] as follows:

*1207 B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.....
Former La. R.S. 22:655, now La. R.S. 22:1269, expressly states that a liability insurer and its insured are solidarily liable to the tort victim. However the solidarity between the insured and the insurer toward the victim is only within the policy limits and coverages of the insurance contract. Waguespack v. Richard Waguespack, Inc., 06-0711 (La.App. 1st Cir.2/14/07), 959 So.2d 982. See, William Shelby McKenzie & H. Alston Johnson, III, Insurance Law and Practice, in 15 Louisiana Civil Law Treatise ß 28 (3d ed.2006).
In Langsford v. Flattman, 03-0189 (La.1/21/04), 864 So.2d 149, the Louisiana Supreme Court reversed the judgments of the lower courts against the defendant/liability insurer, "in the amount of $32,301.43 plus interest and costs," in a situation where the defendant's policy limited its liability to $10,000. The lower courts had awarded the plaintiff, who was injured in an automobile accident, judgment in excess of the policy limits because of a determination that the auto insurer breached its duty of good faith for the settlement of the case. After noticing on its own the peremptory exception of no cause of action, the court reversed the judgment and remanded for entry of the judgment against the insurer in accordance with its policy limits. The court observed:
With regard to Southern [the insurer], plaintiff is a third party claimant. The relationship between the insurer and the third party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. For that reason, a cause of action directly in favor of a third party claimant is generally not recognized absent statutory creation. Theriot v. Midland Risk Insurance Company, 95-2895, (La.5/20/97), 694 So.2d 184, 193.
In Theriot, we recognized that La. R.S. 22:1220(B)(1)-(5) and La. R.S. 22:658 create certain limited causes of action in favor of third party claimants that derogate from established rules of insurance law. However, we cautioned that these statutes must be strictly construed in favor of a limited expansion of third party rights rather than a drastic expansion of such rights.
Id. at 151.
From our review of Morvan's pleadings, State Farm is named as a defendant only because of its obligations under the auto liability policy owed to the insured tortfeasor. No cause of action is alleged by Morvan for a violation by State Farm of former La. R.S. 22:658[2] or former La. R.S. 22:1220.[3] Morvan's evidence in opposition to the motion for summary judgment did not demonstrate that the parties had reached a written agreement of settlement, the breach of which would result in a statutory claim. La. R.S. 22:1892 (former La. R.S. 22:658). Therefore, the direct action claim which Morvan has made against State Farm in this case is limited *1208 to the policy limits, the interest owed on the policy limits, and court costs. In support of its motion for summary judgment, State Farm has established that the amount of $25,000 constitutes the policy limit for Moore's liability in this accident, and additionally, State Farm is obligated for court costs.
Regarding State Farm's deposit into the court registry, the Louisiana Civil Code provides for tender and deposit for the performance of a payment obligation, as follows:
La. C.C. art. 1869.
When the object of the performance is the delivery of a thing or a sum of money and the obligee, without justification, fails to accept the performance tendered by the obligor, the tender, followed by deposit to the order of the court, produces all the effects of a performance from the time the tender was made if declared valid by the court.
A valid tender is an offer to perform according to the nature of the obligation.
La. C.C. art. 1871.
After the tender has been refused, the obligor may deposit the thing or the sum of money to the order of the court in a place designated by the court for that purpose, and may demand judgment declaring the performance valid.
If the deposit is accepted by the obligee, or if the court declares the performance valid, all expenses of the deposit must be borne by the obligee.
These articles have been addressed in the jurisprudence in the context of the limits of insurance policies in Canada v. Myers, 511 So.2d 1223 (La.App. 2d Cir. 1987), writ denied, 514 So.2d 1181 (La. 1987) and Lafauci v. Jenkins, 01-2960 (La. App. 1st Cir.1/15/03), 844 So.2d 19, writ denied, 03-0498 (La.4/25/03), 842 So.2d 403. Although the rulings in both cases determined that the insurers' deposits into the registry of the courts were not unconditional for immediate payment to the plaintiffs, the courts recognized that a proper tender and deposit by a defendant/insurer could be made. In LaFauci, the court acknowledged "the common practice of insurers depositing money into the registry of the courts when liability is admitted." Id. 844 So.2d at 30. The court also cited Professor Litvinoff's Treatise in which he discusses a tender and deposit made in the course of litigation, and specifically recognizes the defendant/insurer's option to make such unconditional tender. Sa˙l Litvinoff, The Law of Obligations, in 5 Louisiana Civil Law Treatise ß 15.24 (2nd ed.2001). The unconditional tender, according to Professor Litvinoff, places the tendered sum of money "in the power of the obligee, that is, the obligor's intention must be that the creditor is at liberty to take the tendered object." Id. at ß 15.13.
In this case, we find that State Farm made such an unconditional tender of its $25,000 policy limit and the accrued interest when it filed its motion for summary judgment. No conditions were placed upon the deposit preventing immediate withdrawal of the funds by Morvan as shown by the court order authorizing placement of the funds in the court registry and further showing the argument made by State Farm for its dismissal. The amount of $30,305.48 represented the total amount owed. Accordingly, we reject Morvan's arguments that State Farm did not make a valid tender and deposit of its $25,000 policy limit and accrued interest, and that its dismissal as a defendant was improper.
We further reject Morvan's additional argument that "if an excess judgment is indeed obtained [against Moore], plaintiffs have a right to seize or have assigned to them Moore's claim against State Farm for failure to settle for policy limits." This assertion is obviously premature since Morvan's damages in excess of the insurance *1209 coverage have not been determined in this proceeding, and will further depend on the future litigation of a separate claim that may arise.
Finally, with regard to State Farm's tender of court costs, we find merit in Morvan's argument that all such costs may have not yet accrued. State Farm's policy obligates it for "court costs of any suit for damages that we defend," and it continues in this action to provide representation for the defense of Moore. Accordingly, we modify the summary judgment limiting State Farm's dismissal from the action to all claims concerning its policy limit of $25,000 and accrued interest and Morvan's right to withdraw from the registry of the court the deposit of $30,305.48 made for those claims. See, La. C.C.P. art. 966(E).

Conclusion
The ruling of the trial court granting summary judgment for the policy obligation owed to plaintiffs for damages and accrued interest is affirmed. The judgment is modified to expressly recognize the plaintiff's right of withdrawal from the court registry the $30,305.48 pertaining to those damages and interest. The summary judgment ruling concerning the award of court costs and State Farm's dismissal for its payment of its court cost obligation were premature and are reversed. Costs of appeal are assessed equally to State Farm and appellants.
JUDGMENT AMENDED AND AS AMENDED, AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Renumbered to La. R.S. 22:1269 by Acts 2008, No. 415, ß 1, effective January 1, 2009.
[2] Renumbered to La. R.S. 22:1892 by Acts 2008, No. 415, ß 1, effective January 1, 2009.
[3] Renumbered to La. R.S. 22:1973 by Acts 2008, No. 415, ß 1, effective January 1, 2009.