880 So.2d 968 (2004)
Elizabeth P. DAVIS, Plaintiff-Appellant
v.
Terry COUNTS, et al., Defendants-Appellees.
No. 38,815-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 2004.
*969 Sheva M. Sims, Shreveport, for Appellant.
Casten & Pearce by Layne A. Clark, Jr., Shreveport, for Appellees.
Before GASKINS, DREW and LOLLEY, JJ.
LOLLEY, J.
Elizabeth P. Davis ("Davis") appeals the trial court's judgment granting the motion for partial summary judgment filed by State Farm Mutual Automobile Insurance Company ("State Farm"), dismissing Davis' claims against it. For the reasons set forth below, we affirm the judgment of the trial court.

FACTS
This suit arises out of a December 2002 automobile accident that occurred on the eastbound Spring Street exit ramp off of U.S. Interstate 20 in Shreveport, Louisiana. Davis was traveling east on the exit ramp when she came upon a vehicle driven by Terry Counts ("Counts") traveling the wrong direction on the exit ramp. The two vehicles collided causing Davis serious injuries.
Davis subsequently filed suit against Counts, her husband, and their insurer, State Farm, seeking general, special and punitive damages. As her basis for seeking punitive damages, Davis alleged that Counts was under the influence of alcohol and/or another intoxicating substance.
The Counts were insured under a liability policy issued by State Farm (the "policy") which provides under Section I, Liability, Coverage A that it would:
1. pay damages which an insured becomes legally liable to pay because of:
a. bodily injury to others, and
b. damage to or destruction of property including loss of its use,
caused by accident resulting from the ownership, maintenance or use of your car; and
2. defend any suit against an insured for such damages with attorneys hired and paid by us. Our duty to defend ends after we have exhausted, by payment of judgments or settlements, the applicable limit of our liability for the accident which is the basis of the lawsuit.
(Emphasis original). The declarations page sets the amount of bodily injury liability coverage available under the policy as $10,000.00 for each person and $20,000.00 for each accident. The policy also provides that in addition to the limits of liability State Farm would pay the following: (1) court costs of any suit for damages which it defends, and (2) interest on the damages owed by the insured due to a judgment and which accrues before the judgment until such time as State Farm pays the amount due under the coverage, but only on that part of the judgment for which State Farm is responsible.
During the course of the trial court litigation, the parties filed a stipulation into the record that Counts was solely at fault *970 in causing the December 2002 accident. By order of the trial court, State Farm was allowed to deposit $10,524.70 into the registry of the court allegedly representing the full amount of its policy limits, plus interest and court costs. Davis subsequently requested that the trial court allow her to withdraw the sums deposited in the registry of the court, and an order was signed allowing her to do so.
State Farm filed a motion for partial summary judgment seeking dismissal of Davis' claims against it on the basis that its liability as insurer had been exhausted by its tender of the policy limits, interest, and court costs. Davis filed her own motion seeking summary judgment on the issue of her entitlement to recover punitive damages from Counts, her husband, and State Farm on the basis of Counts' intoxication being a cause in fact of the accident. The motions came for hearing before the trial court, and, after hearing arguments, the trial court granted State Farm's motion for summary judgment and denied Davis'. The trial court added that the granting of State Farm's motion for summary judgment did not relieve it of its duty to defend Counts and her husband. A judgment to this effect was rendered and signed, from which the instant appeal ensues.

DISCUSSION
On appeal, Davis maintains that the trial court erred in dismissing her claim against State Farm for exemplary and punitive damages. Specifically, she argues that Louisiana jurisprudence supports holding an insurer liable for exemplary damages attributable to the conduct of its insured. Moreover, Davis urges that because State Farm failed specifically to exclude exemplary damages from the coverage provided in its policy, it can be found liable for such damages in excess of its policy limits. For the following reasons, we consider this assignment of error to be without merit.
In the absence of a conflict with statutes or public policy, insurers have the same rights as individuals to limit their liability and enforce whatever conditions they impose upon their obligations. Lemoine v. Illinois Nat. Ins. Co., 38,237 (La. App.2d Cir.03/12/04), 868 So.2d 304, citing Cadwallader v. Allstate Ins. Co., XXXX-XXXX (La.06/27/03), 848 So.2d 577; Marcus v. Hanover Ins. Co., 98-2040 (La.06/04/99), 740 So.2d 603. It is the particular insurance policy of the insured that establishes the limits of liability, and it is well established that this contract of insurance is the law between the parties. Marcus, supra; Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988); Cole-Gill v. Moore, 37-976 (La. App.2d Cir.12/19/03), 862 So.2d 1197, writs denied, XXXX-XXXX (La.04/30/04), 872 So.2d 501, XXXX-XXXX (La.04/30/04), 872 So.2d 502.
Here, the policy clearly reflects State Farm's intent to limit its liability for bodily injury caused by its insured to $10,000.00 per person injured and a maximum of $20,000.00 per accident. Absent a showing that this limitation on its liability conflicts with either statutory law or public policy, State Farm's tender of its policy limits entitled it to a partial summary judgment dismissing it as a defendant from Davis' suit.
Davis fails to point to any statutory law or public policy which would prohibit the policy limits applicable in this particular case. And whereas Davis cites various cases she argues support the assertion that an insurer can be held liable for exemplary damages over and above the limits set forth in its policy, we find without exception that these cases do not stand for the proposition suggested by Davis. Thus, there is no jurisprudential support for *971 Davis' position that State Farm would be liable beyond its stated policy limits.
State Farm does not dispute that exemplary damages possibly would be payable under the policy if its limits had not already been exhausted. However, Davis, despite her arguments to the contrary, has presented no legal support to hold State Farm liable for damages, exemplary or otherwise, over and above its stated policy limits. Moreover, forcing an insurer to pay punitive damages over and above its policy limits is illogical considering that the purposes of punitive damages are to punish defendants for their egregious behavior and deter similar conduct. See, Ross v. Conoco, Inc., XXXX-XXXX (La.10/15/02), 828 So.2d 546.
And while Davis repeatedly makes the assertion that she is entitled to exemplary damages, we need not address that issue in the present appeal. The judgment appealed does not preclude such an award so long as State Farm is not the defendant cast in judgment. The granting of State Farm's motion for summary judgment (and the denial of Davis' cross motion for summary judgment) is not the equivalent of a finding that she is not entitled to exemplary damages at all, but only that as a matter of law, State Farm is not liable to Davis for any amount in excess of its policy limits.

CONCLUSION
The judgment of the trial court granting State Farm's motion for partial summary judgment is affirmed. The costs of this appeal are assessed to Elizabeth Davis.
AFFIRMED.