957 So.2d 315 (2007)
Henry Carey PIETSCH and Janice C. Pietsch, Individually and as Administrators of the Estate of the Minor, Ashlee Nicole Pietsch, Plaintiffs-Appellants
v.
Christopher David FARMER, et al, Defendants-Appellees.
No. 42,172-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
James M. Johnson, APLC, Minden, by James M. Johnson, for Appellants.
Corkern & Crews, L.L.C., by Ronald E. Corkern, Jr., for Appellee, State Farm Mutual Automobile Insurance Co.
Onebane Law Firm, by Frank H. Spruiell, Jr., Lafayette, for Appellees, Christopher David Farmer and Progressive Security Insurance Company.
Before BROWN, STEWART & PEATROSS, JJ.
PEATROSS, J.
Henry Carey Pietsch and Janice C. Pietsch, individually and on behalf of their minor daughter, Ashlee Nicole Pietsch, appeal the trial court's judgment granting the motions for summary judgment filed by Progressive Security Insurance Company ("Progressive") and State Farm Mutual Automobile Insurance Company ("State Farm"). Specifically, the Pietsches contend that the trial court erred as a matter of law in concluding that the insurers were not liable for exemplary damages under La. C.C. art. 2315.4 beyond their respective policies' limits. For the reasons that follow, the judgment of the trial court is hereby affirmed.

FACTS
This suit arises out of an automobile accident that occurred on June 23, 2003, on U.S. Highway 371. Ashlee was traveling as a passenger in a 2003 GMC pickup truck being driven northbound on U.S. Highway 371 by Christopher David Farmer. Mr. Farmer allegedly lost control of the vehicle which veered across the southbound lane of traffic into the ditch adjacent to the southbound lane and into a pine tree. Plaintiffs maintain that the accident was due to the intoxication of Mr. Farmer. As a result of the accident, Ashlee suffered numerous serious injuries requiring extensive medical treatment and rehabilitation.
The vehicle was owned by Mr. Farmer's mother, Tracy Farmer, and insured under a policy issued by Progressive with policy limits of $2,000 for medical payments coverage and $25,000 per person liability coverage for bodily injury. Ashlee's parents carried uninsured/underinsured motorist ("UM") coverage under a policy issued by State Farm with policy limits of $5,000 for medical payments coverage and $50,000 per person in UM liability coverage.
On June 18, 2004, Plaintiffs filed suit against Mr. Farmer, Progressive and State Farm for Ashlee's special and general damages, their own damages for loss of consortium and for exemplary damages. As the basis for exemplary damages, Plaintiffs alleged that Mr. Farmer's intoxication at the time of the accident was a cause of Ashlee's injuries for which she is to recover in damages pursuant to La. C.C. art. 2315.4. State Farm subsequently *317 tendered the $5,000 in medical payments coverage and $50,000 in UM motorist coverage. Progressive tendered $2,000 in medical payments coverage and offered its policy limits of $25,000 in liability coverage for bodily injury in exchange for release of Progressive and its insured, Mr. Farmer. Plaintiffs refused Progressive's offer.
State Farm and Progressive filed separate motions for summary judgment. State Farm's motion sought dismissal from the action on the basis that it tendered its policy limits fulfilling its contractual obligations and that there was no legal basis for any further claims against it by Plaintiffs. Progressive's motion sought a declaration that its liability to Plaintiffs was limited to the $25,000 per person limits of its policy. Plaintiffs opposed both motions for summary judgment by arguing that an insurance policy's limits are inapplicable to claims for exemplary damages. The motions for summary judgment were both argued on September 25, 2006, and were subsequently granted by summary judgments signed on October 23, 2006. The instant appeal followed.

DISCUSSION
At issue in this appeal is the legal question of whether an insurer is liable beyond its policy limits for a claim of exemplary damages under La. C.C. art. 2315.4. Plaintiffs contend that, because La. C.C. art. 2315.4 provides for exemplary damages for injuries caused by an intoxicated driver, State Farm and Progressive are responsible for payment of those exemplary damages above and beyond their policy limits.
This question was previously resolved by this court in Davis v. Counts, 38,815 (La. App.2d Cir.8/18/04), 880 So.2d 968. In Davis, the plaintiff appealed the trial court's dismissal of her claim against the defendant driver's insurer after it had tendered the policy limits. The plaintiff argued that the insurer could be found liable for her claim of exemplary damages arising out of the insured's intoxification even if said damages exceeded the insurer's policy limits. In affirming the trial court's ruling, we stated:
In the absence of a conflict with statutes or public policy, insurers have the same rights as individuals to limit their liability and enforce whatever conditions they impose upon their obligations. It is the particular insurance policy of the insured that establishes the limits of liability, and it is well established that this contract of insurance is the law between the parties. (Citations omitted.)
The court held that the insurer's tender of its policy limits entitled it to a partial summary judgment dismissing it from the suit.
The Davis opinion further emphasized that the policy behind punitive damages is to punish the tortfeasor and deter similar conduct and that holding the insurer responsible for the punitive damages over and above its policy limits would be inconsistent with this policy. Id. Likewise, in the case sub judice, neither of the intended purposes of exemplary damages, deterrence or punishment, is served by making insurers liable for such damages over their policy limits.
Despite Plaintiffs' assertions to the contrary, nothing in the language of La. C.C. art. 2315.4 reflects an intent by the legislature to circumvent the contractual limits of liability agreed to by insurers and their insureds in the policies executed between them. Plaintiffs have cited no authority to the contrary. The cases cited by Plaintiffs stand for the proposition that, in the absence of exclusionary language to the contrary, insurers are obligated to pay exemplary damages within their policy limits. Since policy limits by their nature, however, *318 exclude liability for damages in excess thereof, there is no need for an insurer to specifically exclude damages, exemplary or otherwise, which exceed the limits of its policy.
As in Davis, supra, the judgment appealed does not preclude an award of exemplary damages against Mr. Farmer, the allegedly intoxicated driver of the vehicle who allegedly caused Plaintiffs' damages. The judgment simply dismisses Plaintiffs' claims against State Farm and recognizes Progressive's liability for special, general and exemplary damages to be limited to $25,000. The trial court did not err in its granting of summary judgment in favor of State Farm and Progressive.

CONCLUSION
For the foregoing reasons, the trial court's judgment granting summary judgment in favor of Progressive Security Insurance Company and summary judgment in favor of State Farm Mutual Automobile Insurance Company is hereby affirmed. Costs of this appeal are to be borne by Plaintiffs.
AFFIRMED.