KELLI BOURGEOIS, INDIVIDUALLY, AND AS NATURAL TUTRIX FOR AND ON BEHALF OF HER MINOR CHILDREN, HILLARY BOURGEOIS AND SHAYE BOURGEOIS; AND AS ADMINISTRATRIX FOR THE SUCCESSION OF MICHAEL DAVID BOURGEOIS
v.
JULIE L. MEYER, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY.
No. 2009 CA 0791.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
NOT DESIGNATED FOR PUBLICATION
KEITH L. RICHARDSON, Stephen Dale Cronin, Brad M. Boudreaux, Counsel for Defendant/Appellant State Farm Mutual Automobile Insurance Company.
DARRELL J. SALTAMACHIA, Counsel for Plaintiffs/Appellees, Kelli Bourgeois, individually, and as natural tutrix for and on behalf of her minor children, Hillary Bourgeois and Shaye Bourgeois; and as administratrix for the succession of Michael David Bourgeois.
Befor FEPIIPPLE, HUGHES and WELCH, JJ.
HUGHES, J.
State Farm Mutual Automobile Insurance Company (State Farm) appeals the trial court's granting of a motion for summary judgment in favor of plaintiffs. For the reasons that follow, we reverse and render judgment.

FACTS AND PROCEDURAL HISTORY
This lawsuit is brought by Kelli Bourgeois, the ex-wife of Michael Bourgeois and the mother of his two children, Hillary and Shaye. Michael Bourgeois was killed while riding as a passenger with his girlfriend, Julie Meyer. Ms. Meyer apparently lost control of her vehicle and it overturned.
Ms. Bourgeois, on behalf of her two daughters, filed suit against State Farm, Ms. Meyer, and Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau). Later, the petition was amended to include two additional UM insurers of Mr. Bourgeois; however, Farm Bureau and those additional insurers have been dismissed from the suit. Ms. Meyer has also been dismissed by joint motion and only her insurer, State Farm, remains.
The parties disagree on the proper interpretation of the contract regarding the applicable policy limits and filed cross motions for partial summary judgment on the issue. Plaintiffs' motion was granted and defendant's motion was denied. The case proceeded to trial by agreement of the parties on January 20, 2009. At the trial, the parties entered into a stipulated judgment, which contains the following provisions:
1. A one car automobile accident occurred on December 23, 2005 in the Parish of Pointe Coupee. In this accident, Michael Bourgeois was killed. Prior to his demise, he survived knowing of his impending fate. He is survived by two minor daughters, Hillary and Shaye.
2. The defendant, Julie Meyer, was driving her 2002 Chevrolet Suburban and the deceased, Michael Bourgeois, was a guest passenger.
3. Plaintiff asserts that the accident was caused as a result of the fault of Julie Meyer. The defendants deny any fault on the part of Julie Meyer.
4. Plaintiff asserts that Ms. Julie Meyer was intoxicated at the time of the accident. Plaintiff asserts that the injuries on which this action is based were caused by a wanton or reckless disregard for the rights and safety of others by the defendant, Julie Meyer, whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries. The Plaintiff, Tutrix, on behalf of her two minor children, claims survival action damages, wrongful death damages, general, special and exemplary damages from the defendant, Julie Meyer based upon the wrongful death of the children's father, Michael Bourgeois. The defendants deny the intoxication of Julie Meyer, and that the accident was caused by the wanton or reckless disregard for the rights and safety of others by Julie Meyer.
5. Despite the denial of fault and the denial of intoxication advanced on behalf of Julie Meyer, the parties agree and hereby stipulate that State Farm Mutual Automobile Insurance Company stands in judgment for all damages and injuries sustained by the Plaintiff (Tutrix for and on behalf of her two minor children, Hillary and Shaye) arising from the death of Michael Bourgeois to the extent of its legally applicable policy limits with legal interest. Without admitting fault or the intoxication of Julie Meyer, the parties agree that the damages and injuries incurred by the Plaintiff, Tutrix, for and on behalf of the two minor children, shall include wrongful death damages, survival action damages, general damages, special damages and exemplary damages, with said damages in each singular category exceeding an "each person" coverage limit and the "each accident" coverage limits under the applicable State Farm policy.
****
7. State Farm has paid the sum of $100,000 plus legal interest from the date of judicial demand to Plaintiff and this payment constitutes an "each person" coverage limit under its policy. State Farm is to be given credit for this payment with legal interest.
****
12. State Farm agrees to pay the balance of its policy limits in the amount of $200,000, plus legal interest from date of judicial demand, upon a final judgment from the Court of Appeal/Supreme Court if the final ruling concludes or determines for any reason that the State Farm policy provides coverage of more than the one "each person" coverage limit that State Farm has already paid. State Farm's liability shall not exceed its "each accident" coverage limit together with legal interest under its policy.
13. The matter before the Court is the interpretation of the State Farm policy and whether or not coverage under the policy, in this case, is limited to a single "each person" coverage limit of $100,000. Or, does more than one "each person" coverage limit apply up to the full "each accident" coverage limits of $300,000 for either the survival damages, wrongful death damages, or exemplary damages, stipulated singularly to exceed the policy limits.
****
The following decree was rendered:
IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be Judgment herein, in accordance with this Court's previous Judgment On Motions for Partial Summary Judgment, in favor of Plaintiff, Kelli Bourgeois, individually and as legally confirmed natural Tutrix for and on behalf of her minor daughters, Hillary Bourgeois and Shaye Bourgeois, and against State Farm Mutual Automobile Insurance Company in the full and true sum of its "each accident" coverage limits of $300,000, together with legal interest from date of judicial demand until paid. A credit for payment of an "each person" coverage limit in the amount of $100,000 together with legal interest from date of judicial demand until paid is to be given to State Farm for payments previously made to plaintiff.
State Farm has appealed the judgment. It assigns as error the granting of the motion for partial summary judgment, arguing that the trial court erred in its interpretation of the contract language in that it is not ambiguous and that it clearly limited plaintiffs' recovery to a single "each person" limit for all claims stemming from the accident that caused the death of Michael Bourgeois, including the survival action, wrongful death claims, and any exemplary damages.

LAW AND ANALYSIS

1. Insurance Policy Language Interpretation
An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles. If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. Smith v. Matthews, 611 So.2d 1377, 1379 (La. 1993); see also Jenkins v. CNA Ins. Co., 98-0022, pp. 4-5 (La. App. 1 Cir. 12/28/98), 726 So.2d 71, 74. The parties' intent, as reflected by the words of the policy, determines the extent of coverage. Such intent is to be determined in accordance with the general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning. Id. at p. 4. Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Id. at p. 5. Even so, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Id.
Moreover, whether a contract is ambiguous or not is also a question of law. Sanders v. Ashland Oil, Inc., 96-1751, p. 9 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031, 1037, writ denied, 97-1911 (La. 10/31/97), 703 So.2d 29. When appellate review is not premised upon any factual findings made at the trial level, but instead is based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. Sanders, 96-1751 at p. 9, 696 at 1037. In such cases, appellate review of questions of law is simply whether the trial court was legally correct. Sanders, 96-1751 at p. 10, 696 at 1037.

2. The State Farm Policy
The State Farm policy states that State Farm will "pay damages which an insured becomes legally liable to pay because of bodily injury to others." "Bodily injury" is defined as "physical bodily injury to a person and sickness, disease or death which results from it."
The State Farm policy establishes the scope of its coverage in the "Limits of Liability" section:
The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability-Coverage A-Bodily Injury, Each Person, Each Accident." Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. ""Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury, and all emotional distress resulting from this bodily injury sustained by other persons who do not sustain bodily injury. Under "Each Accident" is the total amount of coverage subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident.
The declarations page of Ms. Meyer's policy states that the "Limits of Liability-Coverage A-Bodily Injury" is $100,000 "Each Person" and $300,000 "Each Accident."
Plaintiffs argue that the policy is ambiguous as to whether coverage in this case is limited to the "Each Person" or "Each Accident" amount. Specifically, plaintiffs argue that each child of Mr. Bourgeois has a separate wrongful death claim under the "Each Person" limit and that the children jointly share a survival action under another "Each Person" limit. Additionally, plaintiffs argue that regardless of the "Each Accident" limit, State Farm is liable to the children in an amount over and above the claimed $300,000 as exemplary damages.

3. Wrongful Death/Survival Actions
In brief to this court, plaintiffs concede that the supreme court's holding in Hebert v. Webre, 08-0060, (La. 5/21/08), 982 So.2d 770, has "laid to rest" the issues regarding whether the wrongful death and survival action claims of the children are subject to a single $100,000 per person limit, as opposed to the aggregate $300,000 per accident limit. The Hebert court held that former applies and the wrongful death claims and survival actions of both children are subject to a single "Each Person" limit. Nevertheless, plaintiffs ask this court not to follow Hebert and to declare the entire policy to be ambiguous as to the wrongful death `emotional distress' damages. Notably, the language of the policy in the Hebert case is identical to the language in the policy before us. Therefore, we conclude that summary judgment was appropriately granted as to the wrongful death/survival claims.

4. Exemplary Damage Claims
Plaintiffs also claim exemplary damages, pursuant to LSA-C.C. art. 2315.4.[1] As stated above, under the policy, State Farm will "pay damages which an insured becomes legally liable to pay because of bodily injury to others."
Plaintiffs make the argument that exemplary damages are not true damages since they are not compensatory, but rather serve to deter and/or punish the tortfeasor. Plaintiffs argue, therefore, that exemplary damages are not limited by the "Each Person" limit of liability of the policy because the policy states that "[ujnder `Each Person'" is the amount of coverage for all damages due to bodily injury to one person." Taking this argument to its conclusion, however, would lead us to determine that exemplary damages are not covered by the policy at all, since the clear language of the policy states that State Farm will "pay damages which an insured becomes legally liable to pay." (Emphasis added.)
Moreover, we are persuaded by and follow the ruling of the second circuit in Davis v. Counts, 38,815 (La. App. 2 Cir. 8/18/04), 880 So.2d 968, wherein a plaintiff also attempted to recover exemplary damages over and above the applicable policy limit. That opinion, noting the consideration that exemplary damages do have the purpose of punishing the offender and deterring bad behavior, held that:
State Farm does not dispute that exemplary damages possibly would be payable under the policy if its limits had not already been exhausted. However, [the plaintiff], despite her arguments to the contrary, has presented no legal support to hold State Farm liable for damages, exemplary or otherwise, over and above its stated policy limits. Moreover, forcing an insurer to pay punitive damages over and above its policy limits is illogical considering that the purposes of punitive damages are to punish defendants for their egregious behavior and deter similar conduct, see Ross v. Conoco, Inc. XXXX-XXXX (La. 10/15/02), 828 So.2d 546.
Davis, 38,815 at pp. 4-5, 880 So.2d at 971; see also Pietch v. Farmer, 42,172 (La. App. 2 Cir. 5/9/07), 957 So.2d 315, writ denied, XXXX-XXXX (La. 9/21/07), 964 So.2d 338.
We likewise conclude that exemplary damages are damages that will be included within the $100,000 "Each Person" policy limit applicable in this case.
Defendant, State Farm, has exhausted its policy pursuant to the clear and explicit terms of the contract. Based on the unambiguous language of the policy, we are bound to conclude that State Farm has limited its exposure for all damages resulting from the physical bodily injury of a single person, out of one accident, to a single "Each Person" limit.

CONCLUSION
For the reasons stated herein, the portion of the judgment that granted plaintiffs' motion for partial summary judgment is reversed and plaintiffs' motion for partial summary judgment is denied. The portion of the judgment that denied defendant's motion for partial summary judgment is reversed, and the defendant's motion for partial summary judgment is granted and State Farm is dismissed. All costs of this appeal are assessed against plaintiffs, Kelli Bourgeois, individually, and as natural tutrix for and on behalf of her minor children, Hillary Bourgeois and Shaye Bourgeois; and as administratrix for the succession of Michael Bourgeois.
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C. art. 2315.4 Additional damages; intoxicated defendant

In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.