THERIOT, J.
laThis appeal raises the issue of whether a defendant insurance company is entitled to dismissal after depositing the policy limits plus interest and court costs into the registry of the court. For the reasons that follow, we amend the judgment, and as amended, affirm.
FACTS AND PROCEDURAL HISTORY
This suit arises from a March 15, 2008 motor vehicle accident between Richard Reynolds and Robert Bordelon III. At the time of the accident, Robert Bordelon III was driving a vehicle owned by his father, Robert Bordelon Jr., and insured by USA-gencies. As a result of the accident, Richard Reynolds filed a petition for damages against Robert Bordelon III, Robert Bor-delon Jr., USAgencies, and a number of other defendants. Reynolds’s petition alleged that the accident was caused solely by Robert Bordelon Ill’s negligence and sought exemplary damages under La. C.C. art. 2315.4[1] due to the fact that Robert Bordelon III was intoxicated at the time of the accident.
On June 28, 2013, USAgencies filed a motion requesting an order allowing it to deposit its $10,000.00 policy limits, plus interest and court costs to date, in the registry of the court and seeking dismissal from the action with prejudice. USAgen-cies acknowledged their continuing duty to defend Robert Bordelon III, and to pay additional court costs associated with the continuing defense of Robert Bordelon III. Reynolds opposed USAgencies’ motion, and after a contradictory hearing on August 14, 2013, the trial court ordered that $14,824.87[2] would be deposited in the court 1 ¿registry on behalf of U.S. Agencies and further ordered that USAgencies was dismissed, with prejudice, from the action.[3] Reynolds appealed.
DISCUSSION
On appeal, Reynolds argues that the trial court erred in dismissing USA-gencies because he has made a claim for exemplary damages, which he asserts US-Agencies attempts to avoid by seeking dismissal. Reynolds makes a vague, unsupported argument that his exemplary damages claim would somehow obligate USAgencies beyond the limits of its policy. However, regardless of whether the USAgencies policy provides coverage for exemplary damages, which is disputed in this case, an insurer cannot be held liable for exemplary damages in excess of its policy limits. Creech v. Aetna Cas. & Sur. Co., 516 So.2d 1168, 1174 (La.App. 2 Cir.1987), writ denied, 519 So.2d 128 (La.1988); Pietsch v. Farmer, 42,172, p. 4 (La.App. 2 Cir. 5/9/07), 957 So.2d 315, 317-318, writ denied, 07-1201 (La.9/21/07), 964 So2d 338; Davis v. Counts, 38,815, pp. 4-5 (La.App. 2 Cir. 8/18/04), 880 So.2d 968, 971. As noted by the court in Davis:
In the absence of a conflict with statutes or public policy, insurers have the same rights as individuals to limit their liability and enforce whatever conditions they impose upon their obligations. It is the particular insurance policy of the insured that establishes the limits of lia *1199 bility, and it is well established that this contract of insurance is the law between the parties.
Davis, 38,815 at pp. 3-4, 880 So.2d at 970 (citations omitted).
The public policy behind exemplary damages is to punish the tortfeasor and deter similar conduct. Pietsch, 42,172, p. 4, 957 So.2d at 317. Although the courts have held that insurance coverage for exemplary damages is not against public policy, Creech, 516 So.2d at 1172-74, neither of the intended purposes of exemplary damages (punishment or deterrence) |,4s served by making insurers liable for such damages over their- policy limits. Pietsch, 42,172, p. 4, 957 So.2d at 317. Furthermore, nothing in the language of La. C.C. art. 2315.4 reflects an intent by the legislature to. circumvent the contractual limits of liability agreed to by an insurer and its insured in the contract between them. Id. The USAgencies policy at issue herein has a $10,000.00 limit per person. Although in the absence of a clause excluding the payment of exemplary damages, USAgencies may be obligated to pay exemplary damages within its policy limits, the issue of whether the USAgen-cies policy provides such coverage is not before us today. Since policy limits, by their nature, exclude liability for damages in excess thereof, there is no need for an insurance policy to specifically exclude damages, exemplary or otherwise, which exceed the limits of the policy. Pietsch, 42,172, p. 4, 957 So.2d at 317-18. Any judgment awarded against USAgencies, exemplary or otherwise, would be limited to the $10,000.00 policy limits, plus interest and court costs.
Reynolds further argues that USAgencies should not be dismissed from the case because he has not accepted USA-gencies’ tender, and' thus, it cannot serve to limit his claims against the insurer for exemplary damages. However, as. noted above, the amount of any obligation for damages to be paid by USAgencies, exemplary or otherwise, is limited by the terms of the policy. USAgencies made an unconditional tender of the policy limits, plus interest and court costs. Dismissal of an insurer after an unconditional tender of its policy limits, plus interest and court costs, is supported by the jurisprudence, as long as the dismissal does not exempt the insurer from the payment of court costs incurred in its continuing representation of its insured. Morvan v. Moore, 43,904, pp. 7-9, (La.App. 2 Cir. 1/21/09), 2 So.3d 1204, 1208-09, writ denied, 09-0666 (La.5/29/09), 9 So.3d 164, | (¡USAgencies’ counsel acknowledged that USAgencies’ duty to defend was not extinguished by its dismissal from the suit, nor was its obligation to continue to pay court costs as they accrue. However, this was not reflected in the judgment dismissing USAgencies with prejudice. Therefore, the judgment ordering the deposit into the court registry by USAgencies and granting its motion for dismissal must be amended to provide that USAgencies would remain liable for court costs as they accrue in the proceedings against its insured.
DECREE
The September 10, 2013 judgment ordering the deposit of funds into the registry of the court and dismissing USAgen-cies with prejudice is amended to provide that USAgencies will continue to be liable for court costs as they accrue in the defense of its insured. As amended, that judgment is affirmed. Costs of this appeal are to be borne by the plaintiff, Richard L. Reynolds.
AMENDED, AND AS AMENDED, AFFIRMED.

. Louisiana Civil Code article 2315.4. Additional damages; intoxicated defendant:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

. This sum represented the $10,000.00 policy limits, plus interest and court costs to date.

. The judgment made no mention of USAgen-cies’ continuing obligation to defend its insured or to pay court costs as they accrue.