965 So.2d 408 (2007)
Herbert STOGNER and Anna Stogner
v.
Anna M. ALLBRITTON and National Automotive Insurance Company.
No. 2006 CA 1863.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
*409 Lindsey J. Leavoy, John T. Joubert, Baton Rouge, for Plaintiffs-Appellants Herbert Stogner and Anna Stogner.
Sue Buser, Gonzales, for Defendants-Appellees Anna M. Allbritton and Direct General Insurance Company.
Before: PETTIGREW, DOWNING, and HUGHES, JJ.
PETTIGREW, J.
In this case, plaintiffs, Herbert and Anna Stogner, challenge the trial court's judgment that dismissed, with prejudice, all claims against defendant, Anna M. Allbritton, and her insurer, Direct General Insurance Company of Louisiana ("Direct General"). For the reasons that follow, we affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY
On April 29, 2002, Ms. Stogner was involved in an intersectional collision with Ms. Allbritton in Hammond, Louisiana. Thereafter, on April 11, 2003, the Stogners filed suit against Ms. Allbritton and her liability insurer, National Automotive Insurance Company ("National Automotive"), seeking to recover damages for injuries sustained as a result of the accident. On August 22, 2003, Lemic Insurance Company ("Lemic") intervened in the suit as Ms. Stogner's workers' compensation insurer, seeking reimbursement for benefits it had paid to Ms. Stogner as a result of the accident in question. The Stogners subsequently filed a supplemental and amending petition on December 18, 2003, adding State Farm Mutual Automobile Insurance Company ("State Farm") in its capacity as their uninsured/underinsured carrier.
On February 9, 2004, the trial court signed an order, submitted by the Stogners, dismissing, with prejudice, all claims against Ms. Allbritton and National Automotive, without any reservation as to Ms. Allbritton. The only reservation of rights contained in the order was as follows: "with plaintiff reserving all rights to proceed against any party not specifically dismissed herein, including her uninsured motorist carrier, State Farm Mutual Automobile Insurance Company." (Emphasis added.) As of February 9, 2004, the only remaining party to the suit was State Farm.
Thereafter, on March 9, 2005, over one year after Ms. Allbritton was dismissed with prejudice, the Stogners filed a second supplemental and amending petition. In said petition, the Stogners again named Ms. Allbritton as a defendant and added Direct General, in its capacity as Ms. Allbritton's liability insurer, as an entirely new party to the litigation. In response thereto, Ms. Allbritton and Direct General filed exceptions raising the objections of res judicata and no cause of action/right of action as to the claims against Ms. Allbritton and an exception raising the objection of prescription as to the claims against Ms. Allbritton and Direct General. The *410 trial court heard arguments from the parties on August 22, 2005, and took the matter under advisement.
On January 4, 2006, the trial court issued reasons for judgment, granting the exceptions filed by Ms. Allbritton and Direct General as follows:
The amended suit naming Anna Allbritton as a defendant after she was dismissed with prejudice stems from the same material facts as the first petition filed in this matter and is barred by res judicata. The exception of res judicata is granted.
For completion of the record, this court finds that because all claims against Anna Allbritton were dismissed with prejudice on February 9, 2004, plaintiff has no right/no cause of action as to Anna Allbritton.
Further, mover's exception of prescription is granted.
A judgment in accordance with the court's findings was signed on February 1, 2006, dismissing, with prejudice, all claims against Ms. Allbritton and Direct General. The Stogners timely filed a motion for new trial, which was denied by the trial court in a judgment dated June 12, 2006. This appeal[1] by the Stogners followed, wherein they assigned the following specifications of error:
I. The Trial Court committed legal and factual error in ruling all claims against Ms. Allbritton were dismissed with prejudice on February 9, 2004;
II. The Trial Court committed legal error in ruling that plaintiff has no right/no . . . cause of action as to Ms. Allbritton;
III. The Trial Court committed legal and factual error in granting the exception of res judicata as to Ms. Allbritton; and
IV. The Trial Court committed legal and factual error in granting the exception of prescription as to Direct General Insurance Company.

STOGNERS' INTENT REGARDING DISMISSAL OF CLAIMS AGAINST MS. ALLBRITTON

(Assignment of Error Number One)
On appeal, the Stogners assert they never intended to dismiss all their claims against Ms. Allbritton. Moreover, the Stogners note they did not know Direct General insured Ms. Allbritton at the time they executed the February 9, 2004 release of Ms. Allbritton. The Stogners argue they detrimentally relied on information from Ms. Allbritton's attorney  that Ms. Allbritton did not likely have any additional insurance  when they agreed to the settlement with Ms. Allbritton and National Automotive. Thus, the Stogners maintain, they certainly never intended to release any claims against Direct General.
In response, appellees, Direct General and Ms. Allbritton, argue that the Stogners' claim that there was no intent to release the claims against Ms. Allbritton is disingenuous. Noting the clear language of the order of dismissal, appellees contend *411 there can be no dispute as to the Stogners' intent with regard to the dismissal of Ms. Allbritton. Concerning the detrimental reliance argument, appellees assert that the Stogners were aware Ms. Allbritton's attorney had not been able to confirm that she had no other insurance and that the Stogners' attorney knew that Ms. Allbritton was not cooperating with her attorney and had not responded to inquiries regarding other insurance. Further the appellees maintain the Stogners "simply failed to take the steps necessary to determine whether [Ms. Allbritton] had additional insurance prior to reaching the settlement."
The February 9, 2004 dismissal, which was submitted by counsel for the Stogners, contains the following language:
IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Anna Stogner's claims against Anna M. Allbritton and National Automotive Insurance Company, be dismissed with prejudice, with each party to bear its own costs, with plaintiff reserving all rights to proceed against any party not specifically dismissed herein, including her uninsured motorist carrier, State Farm Mutual Automobile Insurance Company.
The Stogners' attorney indicated that she relied on correspondence from Ms. Allbritton's attorney indicating that it was not likely that Ms. Allbritton had any other applicable coverage. However, the Stogners' attorney acknowledged that she also knew that Ms. Allbritton was no longer cooperating with her attorney. Nonetheless, the Stogners and their attorney proceeded with the settlement and dismissal of Ms. Allbritton, even before deposing her on October 15, 2004, when they learned that she was insured by Direct General.
We have thoroughly reviewed the record and applicable law and agree with appellees' arguments that the Stogners intended to dismiss all claims against Ms. Allbritton.[2] Thus, the trial court correctly ruled that the Stogners' claims against Ms. Allbritton were dismissed with prejudice on February 9, 2004. This assignment of error is without merit.

RES JUDICATA AS TO MS. ALLBRITTON NO RIGHT/NO CAUSE OF ACTION

(Assignments of Error Number Two and Three)
In assignment of error number two, the Stogners argue the trial court erred in ruling they have no right of action or cause of action against Ms. Allbritton. In assignment of error number three, the Stogners assert the exception raising the objection of res judicata was granted in error as the parties are not the same. In response to these arguments, appellees contend that the dismissal with prejudice of all claims against Ms. Allbritton had "the force of law and the effect of a final judgment on the merits" and, thus, the "trial court was correct in its ruling that res judicata bars further pursuit by the [Stogners] of any relief as to [Ms. Allbritton]." Appellees further maintain that the Stogners "had no right of action to pursue a second claim for the same damages against [Ms. Allbritton] after she was dismissed with prejudice at the [Stogners'] request" and that the Stogners "could not *412 again state a cause of action as to her for which relief could be granted." We agree.
The res judicata statute, La. R.S. 13:4231, provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Pursuant to this statute, then, a second action is precluded when all of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Wooley v. State Farm Fire and Cas. Ins. Co., 2004-882, p. 36 (La.1/19/05), 893 So.2d 746, 771.
A dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial and constitutes a bar to another suit on the same cause of action. La.Code Civ. P. art. 1673. Moreover, a final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on further review. Tolis v. Board of Sup'rs of Louisiana State University, 95-1529, p. 2 (La.10/16/95), 660 So.2d 1206.
As previously indicated, it is clear from the record that the February 9, 2004 dismissal of Ms. Allbritton was with prejudice. Thus, it was a final judgment that constituted a bar to another suit on the same cause of action. The Stogners failed to seek timely review of the February 9, 2004 judgment of dismissal, but then tried to revive their claims against Ms. Allbritton in an amended petition filed on March 9, 2005. As argued by appellees in brief to this court, "[t]he suggestion that they be permitted to do so now comes too late." Accordingly, the trial court was correct in its finding that "[t]he amended suit naming Anna Allbritton as a defendant after she was dismissed with prejudice stems from the same material facts as the first petition filed in this matter and is barred by res judicata." Thus, these assignments of error are without merit.

PRESCRIPTION AS TO DIRECT GENERAL
In their final assignment of error, the Stogners contend the trial court committed legal and factual error in granting the exception raising the objection of prescription as to Direct General. The Stogners maintain that their claim against Direct General is not prescribed because: "Ms. Allbritton (the tortfeasor) and State Farm (the UM insurer) are solidary obligors; Mr. and Mrs. Stogner filed their pleadings timely against one or the other of the solidary obligors; and the timely *413 filed pleadings interrupted prescription against movers." Although we disagree with the Stogners' argument regarding the prescription issue, we nonetheless conclude the trial court was in error in finding that the Stogners' claims against Direct General were prescribed.
Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La. Civ.Code art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. La. Civ.Code arts. 1799 and 3503. It is well settled that a liability insurer and its insured are solidary obligors such that interruption of prescription against one would be effective against the other. See La. R.S. 22:655(B)(1). Thus, in the instant case, timely suit against Ms. Allbritton would serve to interrupt prescription for suit against Direct General. Appellees argue on appeal, however, that because the Stogners voluntarily dismissed Ms. Allbritton, with prejudice, on February 9, 2004, prescription as to Direct General began to run anew from that date. See La. Civ. Code art. 3466. Therefore, appellees contend all claims as to Direct General prescribed on February 9, 2005, before the Stogners' second supplemental and amending petition was filed. While appellees' argument in this regard would normally be correct, they have failed to consider what effect the petition of intervention filed in the instant suit by Lemic, Ms. Stogner's workers' compensation insurer, might have on the interruption of prescription.
In Louviere v. Shell Oil Co., 440 So.2d 93, 95 (La.1983), the Louisiana Supreme Court stated:
The filing by one party of a suit to recover his damages usually does not affect the running of prescription against other parties who sustained separate damages in the same accident. However, a timely petition by an employer's workmen's compensation insurer, seeking recovery of compensation benefits paid to an injured employee against a tortfeasor who caused the injury to the employee, interrupts prescription. . . . The reason is that there is only one principal cause of action, and the compensation insurer is asserting part of the employee's cause of action, because the insurer has paid part of the employee's damages and is entitled to recover to the extent of those payments as partial subrogee.
Accordingly, when several parties share a single cause of action (as through partial subrogation), suit by one interrupts prescription as to all. Louviere, 440 So.2d at 96. Moreover, once the employer's compensation insurer files suit to recover compensation benefits paid to an injured employee and thereby interrupts prescription on the employee's claim arising from the same cause of action, prescription is continuously interrupted during the pendency of the insurer's suit. Id. at 98.
In the instant case, Lemic timely intervened in this suit against Ms. Allbritton and National Automotive on August 22, 2003, to recover compensation benefits paid to Ms. Stogner as a result of the damages she sustained in the accident in question. Lemic's petition of intervention was not dismissed until March 29, 2005. Thus, prescription as to Ms. Allbritton (and any obligor solidarily liable with Ms. Allbritton) was continuously interrupted during that time. Accordingly, when the Stogners filed their second supplemental and amending petition on March 9, 2005, naming Direct General as a defendant, prescription was interrupted as to Direct General. Therefore, the trial court's judgment is reversed insofar as it granted the exception raising the objection of prescription and dismissed, with prejudice, the Stogners' suit against Direct General.

*414 CONCLUSION
For the above and foregoing reasons, we reverse that portion of the trial court's judgment that granted the exception raising the objection of prescription as to Direct General and dismissed, with prejudice, the Stogners' suit against Direct General. In all other respects, the trial court's judgment is affirmed. We remand this matter for further proceedings consistent with this opinion. All costs associated with this appeal are divided equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] We note that the Stogners actually appealed from the trial court's denial of their motion for new trial, which is not an appealable judgment absent a showing of irreparable harm. Pittman v. Pittman, 2001-2528, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 369, 372, writ denied, XXXX-XXXX (La.9/19/03), 853 So.2d 642. However, the supreme court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case. Shultz v. Shultz, 2002-2534, p. 3 (La.App. 1 Cir. 11/7/03), 867 So.2d 745, 746-747. It is obvious from the Stogners' brief that they intended to appeal the judgment on the merits. Thus, we will treat the appeal accordingly.
[2] We note that the February 9, 2004 dismissal specifically reserves to Ms. Stogner all rights to proceed against any party not specifically dismissed including her uninsured motorist carrier, State Farm. The trial court did not decide whether the language of the release and the February 9, 2004 dismissal was broad enough to include any unknown insurers of Ms. Allbritton. In fact, the issue as to whether Direct General was covered by said language was not decided by the trial court below.