29 So.3d 609 (2009)
Lyle TOOMER
v.
A-1 FENCE & PATIO, INC. and Travelers Property Casualty Company of America.
No. 2008 CA 2197.
Court of Appeal of Louisiana, First Circuit.
October 27, 2009.
Writ Denied February 5, 2010.
*610 John S. Lawrence, Jr., Charles W. Farr, Mandeville, LA, for Plaintiff-Appellant, Lyle Toomer.
David J. Bourgeois, Philip G. Watson, Duplass, Zwain, Bourgeois, Pfister & Weinstock, Metairie, LA, for Defendant-Appellee, A-1 Fence & Patio, Inc.
George D. Fagan, Marc E. Devenport, Leake & Andersson, LLP, New Orleans, LA, for Defendant-Appellee, Travelers Property Casualty Company of America.
Before PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
Lyle Toomer appeals a judgment sustaining exceptions raising the objection of prescription filed by A-1 Fence & Patio, Inc. (A-1) and its liability insurer, Travelers Property Casualty Company of America (Travelers), dismissing his claims against both defendants for fire damage to buildings he owned that were leased to and occupied by A-1 when a fire occurred. For the following reasons, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
In late March 2006, a fire destroyed several buildings owned by Toomer; A-1 was the lessee/occupant of the buildings when the fire occurred and was insured by Travelers. On March 5, 2007, Toomer and A-1 filed suit against Travelers in the Twenty-Second Judicial District Court, Parish of St. Tammany (22nd JDC), to recover property damages that they believed were covered under the policy.[1] Travelers removed the suit to the United States District Court for the Eastern District of Louisiana, where, on April 23, 2008, Judge Sarah S. Vance dismissed the suit on summary judgment.[2] She concluded that Toomer was not a named insured and, therefore, was not covered under the policy, and that the policy did not provide coverage to A-1 for the fire damage, because A-1 had not purchased business owner's property coverage or coverage for *611 loss of business income. Moreover, the comprehensive general liability provision of the policy did not provide first-party coverage. Therefore, Travelers would be liable for damage to the leased building only if A-1 had a legal obligation to pay for the fire damage. However, the judge noted that Toomer and A-1 had only sought to recover against Travelers as first-party insureds; no claim was advanced for A-1's negligence. In reasons for judgment, Judge Vance stated, "Toomer might be able to recover against A-1 and Travelers if he obtains a judgment that A-1 was negligent, but he has asserted no such claim here, and the Court would not have jurisdiction over it if he did."
On March 27, 2008, while the first suit was still pending in federal court, Toomer filed this suit against A-1 and Travelers, alleging that the fire was caused by the negligence of A-1 and/or its employee(s) and that liability coverage was provided to A-1 under the Travelers policy, including coverage for the risk of fire damage to property leased by A-1. Both defendants filed exceptions raising the objection of prescription on the grounds that the second suit was prescribed on its face and that Toomer's first suit for contractual coverage of property losses and breach of contract against Travelers did not interrupt the running of prescription on his second suit for tort damages against A-1 and Travelers. The district court sustained the defendants' exceptions of prescription and dismissed this lawsuit with prejudice in a judgment signed July 10, 2008.
In reasons for judgment, the district court explained:
The final judgment in [the federal] suit found that Travelers, in its capacity as first party insurer of A-1, was not liable for its damages caused by the fire. There was no solidary liability of Travelers and A-1 in that federal litigation. In the case at bar, the plaintiff argues that A-1 and Travelers are solidarily liable, and that prescription was interrupted by the federal litigation. However, in the federal suit, Travelers was not sued in its capacity as the liability insurer of A-1 due to the negligence of A-1.
* * *
The filing of the original lawsuit, removed to federal court, did not interrupt prescription on the claims now asserted by Toomer against Travelers and A-1. Travelers was sued in the federal suit in a capacity different from that for which it is sued in this lawsuit. That claim involved Travelers in a totally different legal status, as the alleged insurer of the contents, property and assets belonging to its insured A-1.
This lawsuit against A-1 Fence & Patio, Inc. and Travelers Property Casualty Company of America is prescribed.
Toomer timely appealed the judgment. The issue on appeal is whether Toomer's first suit against Travelers interrupted the running of prescription on his tort claims against A-1, such that this suit against A-1 and Travelers is timely.

APPLICABLE LAW
Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. LSA-C.C. art. 3447. Delictual or tort actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. LSA-C.C. art. 3492. Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 04-620 (La.1/20/05), 891 So.2d 1268, 1275. Prescription is interrupted when the obligee *612 commences an action against the obligor in a court of competent jurisdiction and venue. See LSA-C.C. art. 3462. A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. LSA-C.C.P. art. 421. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. See LSA-C.C. art. 3463. When interruption occurs, prescription begins to run anew from the last day of the interruption. See LSA-C.C. art. 3466; LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, 1229; Bordelon v. Medical Ctr. of Baton Rouge, 03-0202 (La.10/21/03), 871 So.2d 1075, 1083.
Articles 1799 and 3503 of the Civil Code provide that the interruption of prescription against one solidary obligor is effective against all solidary obligors. An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee. LSA-C.C. art. 1794. An obligation may be solidary though it derives from a different source for each obligor. LSA-C.C. art. 1797. A liability insurer and its insured are solidary obligors, such that interruption of prescription against one is effective against the other. See LSA-R.S. 22:1269(B)(1)[3]; Stogner v. Allbritton, 06-1863 (La.App. 1st Cir.6/8/07), 965 So.2d 408, 413.
Generally, the burden of proving that a cause of action has prescribed rests with the party pleading prescription; however, when the plaintiffs petition shows on its face that the prescriptive period has run, and the plaintiff contends there is a suspension or interruption of prescription, the burden is on the plaintiff to prove suspension or interruption. St. Romain v. Luker, 00-1366 (La.App. 1st Cir.11/9/01), 804 So.2d 85, 88, writ denied, 02-0336 (La.4/19/02), 813 So.2d 1083. Moreover, when the plaintiffs basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. See Younger v. Marshall, 618 So.2d 866, 869 (La.1993); Waguespack v. Richard Waguespack, Inc., 06-0711 (La.App. 1st Cir.2/14/07), 959 So.2d 982, 985.

ANALYSIS
The fire that destroyed Toomer's buildings occurred on March 26, 2006. This suit was filed on March 27, 2008, and is prescribed on its face. Toomer, therefore, had the burden of proving a suspension or interruption of prescription. Since Toomer claims the interruption of prescription was based on the solidary liability of A-1 and Travelers, he has the burden of proof on this issue also.
Toomer contends A-1 and Travelers are solidarily liable for the damages claimed in this suit, because those damages were caused by the negligence of A-1 and/or its employee, and as A-1's liability insurer, Travelers is solidarily liable with A-1 for those damages. For this reason, Toomer argues that the running of prescription on this suit naming A-1 as a defendant was interrupted by the timely filing of the first suit against Travelers in the 22nd JDC,[4] *613 which, after being removed to federal court, was still pending when this suit was filed.[5] Toomer's assignment of error claims the trial court erroneously concluded that Travelers was not solidarily liable with its insured, A-1, and thus erred by finding that the timely filed suit against Travelers in a court of competent jurisdiction and venue did not interrupt the running of prescription as to the later suit against A-1 and Travelers arising out of the same occurrence. Toomer claims the district court incorrectly interpreted the federal court's judgment in the first suit, because although that judgment concluded there was no coverage for the specific contractual claims asserted in that suit, it did not rule on the issue of Travelers' ultimate liability for the fire damages claimed in both suits. He also argues that because the original suit put Travelers and A-1 on notice of his claim for property damages due to the fire, that notice sufficed to interrupt prescription as to the claim for damages based on negligence in the second suit, which was based on the same material facts as the first suit. Toomer contends this is not a case in which claims are made in a second suit against a previously unnamed third party with no knowledge of the underlying factual situation giving rise to the claims. He notes that A-1 knew that Travelers had conducted an investigation into the origin of the fire to determine whether the negligence of an A-1 employee had caused it. Therefore, Toomer concludes the first suit against Travelers interrupted prescription against A-1.
Travelers and A-1 disagree and make the following argument. Toomer and A-1 filed a lawsuit against Travelers based on fire damage to their property, for which they claimed Travelers was contractually obligated to provide coverage. That suit was dismissed, because Toomer was not an insured under the Travelers policy, and Travelers did not have a contractual obligation to A-1 under its policy to pay for the fire losses A-1 claimed in the first suit. While that suit was pending, Toomer sued Travelers again for the same damages, adding A-1 as a defendant and claiming the damages were due to the fault of A-1. A-1 was not a defendant in the first suit, and there were no allegations in the first suit that any fault of A-1 might have caused the fire damage. Therefore, suit against A-1 was prescribed, unless the running of prescription was interrupted by the first suit against Travelers. Because Travelers was not solidarity liable with A-1 in the first suit, that suit did not interrupt prescription on the tort claim against A-1 in the second suit. Moreover, the filing of the first suit, in which A-1 was a plaintiff, certainly gave A-1 no notice that Toomer would assert a liability claim against it.
This court has thoroughly reviewed the facts and law, as discussed in oral arguments and in the well-written briefs of the parties. Under the circumstances of this case, we conclude that Toomer's claim against A-1 in this suit is prescribed, and the trial court correctly dismissed his claims against A-1 and Travelers. As noted by the trial court, based on the claims made in the first suit, Travelers and A-1 were not solidary obligors. The first suit made no allegations that A-1 might be liable for the fire damages, nor did it allege that Travelers might be liable because of the negligence of its insured, A-1. That suit claimed only that Travelers should pay for the fire damages because of its contractual obligation to A-1. Therefore, although Travelers had notice in the *614 first suit that it might be required to pay for some of the fire losses incurred by A-1 under some provision of its insurance contract with A-1, A-1 did not have notice in that suit that it might be required to pay for the fire damages.
Toomer cites Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979), in which an allegedly untimely intervention was based on the same accident, the same injuries, and the same negligence of the same defendants as the original petition. Therefore, even though the original petition was dismissed for no cause of action, those defendants had notice of the material facts out of which the intervenor's claim arose and of their potential liability as negligent tortfeasors. Toomer contends that because Travelers knew, before the expiration of the prescriptive period, that legal demands were made upon it from the occurrence described in the petition in the first suit, prescription was interrupted as to the second suit based on the same occurrence. However, although the allegations in the first suit certainly put Travelers on notice of its possible contractual obligation, it did not put A-1 on notice that it might be subject to potential tort liability arising out of the fire.
The key factor in this case is whether the first suit was filed against a party who was solidarily liable with the party added as a defendant in the second suit. It is clear that, as the federal court found and the district court in this case reiterated, there was no solidary liability between Travelers and A-1 in the first suit, nor could there have been, on the basis of the claims asserted there. Those claims could only have been brought against a party with an actual or potential obligation to a particular claimant (or claimants) stemming from a particular contract with that claimant. Travelers may have been obligated to reimburse A-1 for some or all of its losses under the terms of its insurance contract. As to Toomer, who was not an insured under the policy, there was no such contractual obligation at all. So Travelers was not and could not have been obligated to Toomer for reimbursement of any of his losses claimed in the first suit. And, based on those contractual claims, A-1 certainly could not have had any liability to Toomer.
It is equally clear that based on the allegations in the second suit, Travelers and its insured, A-1, were potentially solidarily liable for the claims asserted by Toomer. If A-1, through the acts of its employee(s), were found to have negligently caused the fire, then A-1 would be obligated to reimburse Toomer for the losses he sustained. By the terms of Travelers' policy with A-1, Travelers would pay any sums that its insured was legally obligated to pay as damages. Therefore, both A-1 and Travelers were potentially liable to Toomer for payment of the same losses, and payment by one would relieve the other of its obligation to him.
What distinguishes this case from those cited in support of a finding of solidary liability is that in the first suit, the allegations against Travelers were such that its potential obligation could only be in favor of a claimant who was an insured under the policy, whereas in the second suit, the allegations are such that its potential liability is to another claimant and is brought on a completely different legal premise. Toomer relies on the case of Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir. 1960), in which the plaintiff suffered personal injuries in a motorcycle accident and brought suit in federal court only against the tortfeasor's insurer. Based on a policy provision that did not allow a direct action against the insurer until a judgment had been obtained against the insured, the case *615 was dismissed. Nine months later, the plaintiff sued the tortfeasor for the same injuries, the same accident, and the same negligence as was claimed in the first suit. This court held that the second suit was interrupted by the filing of the first, because under the policy, the insurer and the insured were both liable for the same debt. Obviously, in the Hidalgo case, the defendant sued in the first suit was solidarily liable, based on the claims made in the first suit, with the defendant sued in the second suit. In the matter before us, Travelers and A-1 were not solidarily liable, based on the claims made in the first suit, which did not allege that the insurer's liability was based on the negligence of its insured. Therefore, we do not agree that Hidalgo is controlling in this case.
Rather, we find support for Travelers' and A-1's position in the case of Trahan v. Liberty Mut. Ins. Co., 314 So.2d 350 (La. 1975). There, the widows and children of four salt mine workers killed in a mining accident brought a tort suit against the liability insurers of six executive officers of the mining company. After a trial, all six were found not liable and the case was dismissed. Within a year after judgment in the first suit, two of the original plaintiffs filed a second suit, based on the negligence of two of the deceased workers whose families were their co-plaintiffs in the first suit, along with the same liability insurers named as defendants in the first suit. Explaining its judgment that the case was prescribed, the supreme court stated:
Liberty Mutual and INA were defendants in the first suit only as insurers of the six named executive officers and are defendants in the instant suit only as insurers of [the deceased worker]. Article 2097[6] being applicable only between solidary debtors, there must be a solidary obligation to plaintiff of a defendant of the first suit and a defendant of the second suit as to the claim asserted in the first suit. Stated another way, there must be a solidary obligation to plaintiff of one or more of the six named executive officers (and, as a consequence, their insurers) and [the deceased employee], as in this case the insurers are liable only in their capacities as insurers of their respective insureds. The judgment in the first suit absolving the six named executive officers (and, as a result, their insurers) means that those executive officers (and their insurers, in that capacity) cannot be solidary debtors with [the deceased employee] (and accordingly his insurers in that capacity) as they are not liable to plaintiff on the claim asserted in the first suit. (Footnote and emphasis added).
Trahan, 314 So.2d at 355-56. This case clearly states that there must be solidary liability between a defendant in the first suit and a defendant in the second suit, as to the claim asserted in the first suit. In the matter before us, there was no such solidarity as to the contract claim asserted by Toomer in the first suit. As to that claim, Travelers and A-1 were not, and could not have been, solidarity liable to Toomer. Therefore, his suit against Travelers did not interrupt prescription as to A-1, and the second suit against A-1 is prescribed.

CONCLUSION
Based on the foregoing, we affirm the judgment of July 10, 2008, dismissing as prescribed Toomer's suit against A-1 and *616 Travelers. All costs of this appeal are assessed to Toomer.
AFFIRMED.
NOTES
[1] The petition also alleged breach of contract and arbitrary and capricious violation of Travelers' obligations under LSA-R.S. 22:1220, entitling the plaintiffs to statutory penalties.
[2] A-1 Fence & Patio, Inc. v. Travelers Prop. Cas. Co. of America, No. 07-1855 (E.D.La. Apr. 23, 2008), 2008 WL 1835200.
[3] This statute was renumbered from LSA-R.S. 22:655 by 2008 La. Acts, No. 415, § 1, effective January 1, 2009.
[4] There is no dispute that the 22nd JDC had jurisdiction and was a court of proper venue. See LSA-C.C. art. 3463.
[5] There is also no dispute that if the first suit interrupted the running of prescription, the interruption continued as long as that suit was pending.
[6] Former Civil Code article 2097 stated, "A suit against one of the debtors in solido interrupts prescription with regard to all." Its substance is now found in Articles 1799 and 3503.