McClendon, j.
|2The plaintiff appeals from a judgment that granted a defendant’s peremptory exception raising the objection of prescription. For the following reasons, we affirm the judgment of the trial court.
FACTUAL AND PROCEDURAL HISTORY
On March 14, 2014, BellSouth Telecommunications, L.L.C. d/b/a AT & T Louisiana (BellSouth) filed a Petition for Damages against A & A Cable Contractors, Inc. (A & A), alleging that’ on March 18, 2013,'BellSouth discovered damages to its underground telephone cables caused, by the failure of A & A to install the cables at the depth as specified in the contract between BellSouth and A & A. BellSouth further alleged that it incurred. costs in repairing the damage. Thereafter, on October 20, 2015, BellSouth filed a Second Supplemental and Amending Petition for Damages adding CSRS, Inc. (CSRS) and William Watson, a CSRS employee, as additional defendants.[1] Therein, BellSouth alleged that during the installation project, A & A encountered a sub-surface concrete slab and, upon the advice of Watson, installed. the cables on top of the slab, which was above the depth specified by Bell-South. BellSouth claimed that the pendants were jointly and/or solidarily liable for the damages asserted.
In response, CSRS filed a peremptory exception raising the objection of prescription on November 30, 2015. CSRS alleged that the claims brought. against it were purely delictual claims and were filed more than one year after prescription commenced. Specifically, CSRS maintained that BellSouth unambiguously admitted in its petition that the damage occurred on March 18, 2013, and that BellSouth did not file suit against CSRS until- over thirty-one months later in October 2015. CSRS additionally argued that because the action against CSRS was prescribed on the face of the petition, BellSouth had the burden to prove that the action was not prescribed. CSRS asserted that prescription was not interrupted on the date BellSouth initiated the litigation against A & A since CSRS and A & A are neither solidarily liable nor are they joint tortfeasors.
1 .¡Following a hearing on March 28, 2016, the trial court agreed with CSRS and sus *92 tained the exception. The trial court signed a judgment on April 5, 2016, dismissing BellSouth’s claims against CSRS with prejudice. Thereafter, BellSouth timely appealed. The issue on appeal is whether BellSouth’s timely filing of suit against A & A interrupted the running of prescription on its claims against CSRS.
LAW AND DISCUSSION
Louisiana Civil Code Article 3492 provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. See also Kelley v. General Ins. Co. of America, 14-0180 (La.App. 1 Cir. 12/23/14), 168 So.3d 528, 533, writs denied, 15-0157, 150165 (La. 4/10/15), 163 So.3d 814, 816. The objection of prescription may be raised by a peremptory exception. LSA-C.C.P. art. 927A(1). At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. When prescription is raised by peremptory exception, without evidence being introduced at the hearing on the exception, the exception must be decided on the facts alleged in the petition, which are accepted as true. Denoux v. Vessel Management Services, Inc., 07-2143 (La. 5/21/08), 983 So.2d 84, 88. If no evidence is introduced, the appellate court’s role is to determine whether the trial court’s ruling was legally correct. Onstott v. Certified Capital Corp., 05-2548 (La.App. 1 Cir. 11/3/06), 950 So.2d 744, 746.
Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 04-0620 (La. 1/20/05), 891 So.2d 1268, 1275. Prescription may be renounced, interrupted, or suspended. See LSA-C.C. arts. 3449 through 3472; McKenzie v. Imperial Fire and Cas. Ins. Co., 12-1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, 48, writ denied, 13-2066 (La. 12/6/13), 129 So.3d 534.
Prescription is interrupted by the filing of suit in a court of competent jurisdiction. LSA-C.C. art. 3462. The interruption of prescription against one solidary obligor is effective against all solidary obligors. LSA-C.C. arts. 1799 and 3503. An obligation is Usolidary for the obligors when the obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee. LSA-C.C. art. 1794. Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties’ intent or from the law. LSA-C.C. art. 1796. Further, the interruption of prescription against one joint tortfeasor is effective against all tortfeasors. LSA-C.C. art. 2324C.
Ordinarily, the party raising the exception of prescription has the burden of proving facts to support the exception. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, 1044, writ denied, 00-1265 (La. 6/16/00), 765 So.2d 338. However, when claims are prescribed on the face of the petition, and the plaintiff contends there is a suspension or interruption of prescription, the burden shifts to the plaintiff to prove that prescription was interrupted or suspended. Id.; Toomer v. A-1 Fence & Patio, Inc., 08-2197 (La. App. 1 Cir. 10/27/09), 29 So.3d 609, 612, writ denied, 09-2564 (La. 2/5/10), 27 So.3d 302. Moreover, when the plaintiffs basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. Toomer, 29 So.3d at 612.
*93 In this matter, BellSouth’s Second Supplemental and Amending Petition for Damages was filed more than one year after the damage occurred on March 18, 2013, and it is prescribed on its face. Therefore, the burden was on BellSouth to prove that prescription against CSRS was either interrupted or suspended.
It is undisputed that BellSouth’s claims against CSRS are delictual in nature. Additionally, BellSouth did not assign, brief, or argue as error the trial court’s finding that its claim against A' & A was based solely in contract or that CSRS and A & A could not be joint tortfeasors. BellSouth challenges only the trial court’s finding regarding solidary liability. Consequently, any other findings are not before us.[2]
[¡¡On appeal, BellSouth argues that the timely filing of suit against A & A interrupted prescription against CSRS, contending that a solidary relationship existed between A & A and CSRS for the purposes of the interruption of prescription. Specifically, it contends that there is a distinction between solidary liability for the payment of damages and solidary liability for the interruption of prescription. BellSouth maintains that it has alleged that the actions of both A & A and CSRS caused the damage to the underground cables and that its allegations were sufficient to establish an interruption of prescription. On the other hand, CSRS contends that there is no solidary liability between it and A & A. CSRS states that the threshold issue of whether solidary liability exists is a condition precedent to determining whether prescription is interrupted, and only where parties are, as a matter of law, solidary obligors may the timely suit against one interrupt prescription against the other.
In 1996, the legislature amended Louisiana Civil Code Articles 2323 and 2324 “to abolish solidary liability among non-intentional tortfeasors and to place Louisiana in a pure comparative fault system.” Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism, 02-0563 (La. 10/15/02), 828 So.2d 530, 535. Article 2323 “requires that the fault of every person responsible for a plaintiffs injuries be compared.” Dumas, 828 So.2d at 537. Article 2324B “abolishes solidarity among non-intentional tort-feasors, and makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323.” Dumas, 828 So.2d at 537 (footnote omitted).[3] The supreme court in Dumas found the language of Article 2324B to be clear and unambiguous:
*94 Ifilt provides that in non-intentional cases, liability for damages caused by two or more persons shall be a joint and divisible obligation. Each joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarity liable with any other person for damages attributable, to the fault of that other, person. This provision abolishes solidarity among non-intentional tortfea-sors, and makes each non-intentional tortfeasor liable only for his own share of the fault, which must be quantified pursuant to Article 2323.
Dumas, 828 So.2d at 537 (emphasis in original) (footnotes omitted).
Thus, in determining whether liability for damages is a solidary or a joint and divisible obligation, LSA-C.C. art. 2324A provides that “[h]e who conspires with another person to commit an intentional or willful act” is solidarity liable “with that person, for. the damage caused by such act.” If liability is not solidary, then “liability for damages caused by two or more persons shall be a joint and divisible obligation.” LSA-C.C. art. 2324B. See McKenzie; 122 So.3d at 47-48.
Because BellSouth did not put on any evidence in support of its claim that prescription was interrupted, we' look to the petition to determine whether the facts stated therein, if accepted as true, sufficiently allege solidary liability between A & A and CSRS for the interruption of prescription. In its Second Supplemental and Amending Petition for Damages, naming CSRS as an additional defendant, Bell-South made the following pertinent allegations:
IV.
At some point during the installation project, A & A encountered a sub-surface concrete slab. Rather than bore beneath the concrete slab, A & A deviated from the depth requirements of the plans and specifications, and installed the cables on top of the concrete slab, and above the depth specified by Bell-South. Upon information and belief, A & A reached the decision to install the cables in this manner after consulting with Watson, who is believed to have held overall supervisory authority for the project and approved the installation.
* * * *
Xll.
At all material times, Watson was an employee of CSRS, rendering CSRS vicariously liable for the negligence and/or fault of its employee ....
Recognizing that the 1996 amendments to LSA-C.C. arts. 2323 and 2324 abolished solidary liability among non-intentional tortfeasors, the trial court, in its. oral reasons, concluded that the timely filing of the contract claim by BellSouth against A & A | ycould not interrupt prescription as to the tort claim against. CSRS, and the trial court sustained CSRS’s exception. We agree. A & A and CSRS cannot be solidarity liable as there are simply no allegations of any conspiracy to commit an intentional or willful act. Moreover, as noted previously, BellSouth appealed only the trial court’s finding regarding solidary liability. Thus, the trial court correctly sustained CSRS’s peremptory exception raising the objection of prescription, and we affirm the judgment of the trial court.[4]
CONCLUSION
For the above and foregoing reasons, the April 5, 2016 judgment of the trial *95 court, which sustained the peremptory exception filed by CSRS, Inc. raising the objection of prescription, is affirmed; All costs of this appeal are assessed BellSouth Telecommunications, L.L.C. d/b/a AT & T Louisiana.
AFFIRMED.

. A First Supplemental and Amending Petition for Damages had also been filed by Bell-South on June 16, 2014.

. The Courts of Appeal of Louisiana will only review an issue that is contained in an assignment or specification of error. Rule 1-3, Uniform Rules of Louisiana Courts of Appeal. See also Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal; Franklin v. AIG Cas. Co., 12-1698 (La.App. 1 Cir. 6/7/13), 2013 WL 2487877 (unpublished).

. Louisiana Civil Code article 2324 provides:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tort-feasor shall not be liable for more than his degree of fault and shall not be solidarity liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.
C.Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

. While we recognize those cases cited by BellSouth, we find that they are factually distinguishable, as they involve either uninsured/underinsured motorist insurance coverage or a workers’ compensation statutory employer relationship.